IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1998 SESSION

FILED

July 31, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9708-CC-00321 |
| Appellee, | * | MARSHALL COUNTY |
| VS. | * | Hon. Charles Lee, Judge |
| CRAIG A. HAZLETT, | * | (Habitual Motor Vehicle Offender and |
| Appellant. | * | Driving on a Revoked License) |

For Appellant:

Curtis H. Gann
Assistant Public Defender
Seventeenth Judicial District
105 South Main
P.O. Box 1119
Fayetteville, TN 37334
(on appeal)

Michael D. Randles
Assistant Public Defender
105 South Main
P.O. Box 1119
Fayetteville, TN 37334
(on trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Georgia Blythe Felner
Counsel for the State
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

J. B. Cox
and
Weakley E. Barnard
Asst. District Attorneys General
Room 407, Marshall County Courthouse
Lewisburg, TN 37091

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Craig A. Hazlett, was found guilty of one count of driving after being declared a Habitual Motor Vehicle Offender and one count of driving on a revoked license. The trial court imposed a Range II sentence of three years, four months in the Department of Correction. Fines totaled $350.00. The trial court merged the driving on a revoked license count into the greater offense.

In addition to his challenge to the sufficiency of the evidence for driving after being declared a Habitual Motor Vehicle Offender, the defendant contends that the sentence is excessive. We find no error and affirm the judgment of the trial court.

Near midnight on June 6, 1996, Deputy Phillip Klarer of the Marshall County Sheriff's Department was on patrol on Farmington Belfast Road when he noticed a car being driven by the defendant with a missing taillight and expired tags. When the officer turned on his emergency lights, including "takedown" lights which are designed to allow a view of the inside of the suspect vehicle, he observed the driver move onto the lap of a passenger, later identified as Wysenita Hazlett. Officer Klarer testified that a few seconds later, the passenger "got out from underneath [the driver]" into the seat behind the steering wheel. The third person, who was in the back seat, did not move. Officer Klarer identified the defendant as the driver.

When questioned, the defendant admitted that his driver's license had been revoked. When asked why he had switched seats, the defendant merely shrugged his shoulders. Ms. Hazlett, the defendant's wife, did not have a driver's license. It was stipulated at trial that the defendant had been declared a Habitual Motor Vehicle Offender.

2

At trial, the defendant claimed that his wife had been driving the car. He asserted that because the car was a compact with an automatic gear shift in the console area, it was impossible for him to have switched places. The defendant contended that he was teaching Ms. Hazlett how to drive. The defendant insisted that he informed Officer Klarer at the scene that he was not the driver of the vehicle.

Ms. Hazlett testified that their vehicle, a Renault, had bucket seats with an automatic shift in the console. She identified the third person in the car as a Mr. Shelton, who was not called as a defense witness. Ms. Hazlett claimed that she had been driving the vehicle at the time the officer turned on his blue lights. She contended that she was a little larger at the time of the arrest and that it would have been impossible for her to have exchanged seats with her husband at that time.

Initially, the defendant contends that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt. He insists that his testimony and that of his wife was credible and consistent.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. Byrge v. State, 575 S.W.2d 292 (Tenn. Crim. App. 1978). A conviction can be set aside only when a reviewing court finds that the evidence is insufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt. Tenn. R. App. P. 13(e). In a jury trial, a guilty verdict, approved by the trial judge, accredits the testimony of the state's witnesses. State v. Hatchett, 560 S.W.2d 627 (Tenn. 1978).

3

Tennessee Code Annotated Section 55-10-616 prohibits one who has been declared a Habitual Motor Vehicle Offender from operating a motor vehicle. Here, the defendant stipulated that he had been declared a Habitual Motor Vehicle Offender. The issue for the jury was whether to accredit the testimony of Officer Klarer or that of the Hazletts. Because the officer claimed to have seen the defendant driving the vehicle and, after it was stopped, observed him exchange places with his wife, the jury acted within its prerogative in determining the presence of the essential elements of the crime. In our view, their verdict satisfies the standard described. Jackson v. Virginia, 443 U.S. 307 (1979).

The defendant, who qualified as a Range II offender, committed a Class E felony. As his next issue, he argues that the three-year, four-month sentence is disproportionate in comparison to the severity of the offense.

He also argues the trial court erred by ordering incarceration. He contends that he is "not a threat to society and ... society needs no protection from him." The defendant cites Tenn. Code Ann. § 40-35-103(1)(a) which governs when a sentence "involving confinement" should be imposed. The defendant, thirty-eight years of age at the time of sentencing, asserts that he has been employed by the same company for twenty-four years, pays support for a child by a previous marriage, and is now remarried. The record, however, demonstrates that the defendant has been cited to court a number of times for failure to pay. At the time of the sentencing, he earned approximately $300.00 per week. He asserts that his crime was a non-violent offense and should not warrant such a lengthy term.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a

4

presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). There is no such presumption for a Class B felon. Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence for each

5

conviction is eight years or less.  Tenn. Code  Ann. § 40-35-303(a), (b).

A sentence of split confinement involves the grant of probation after the partial service of a sentence.  Tenn. Code Ann. § 40-35-306.  It may include a jail or workhouse sentence of up to one year with the probationary term to extend for any period thereafter up to the statutory maximum for the offense.  Id.

In calculating the sentence for Class B, C, D, or E felony convictions at the time of these offenses, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors.  Tenn. Code Ann. § 40-35-210(c).  If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum.  Tenn. Code Ann. §  40-35-210(d).  A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence.  Tenn. Code Ann. § 40-35-210(e).  The sentence may then be reduced within the range by any weight assigned to the mitigating factors present.  Id.

As a Range II offender, the defendant faced a possible sentence of two to four years.  Tenn. Code Ann. § 40-35-112(b)(5).  His criminal history includes thirty-eight prior arrests or convictions, twenty-nine of which are for traffic-related crimes.  His record includes several DUI's, several instances of driving on a revoked license, reckless driving, and several instances of driving after having been declared a Habitual Motor Vehicle Offender.  On his first such offense, he received a one-year sentence with all but seventy-five days suspended.  On his second, the defendant received a two-year sentence to Community Corrections, which was later revoked.

6

The trial court, which described the defendant as "likeable," concluded that the defendant's conduct neither threatened nor caused serious bodily injury; thus, a single mitigating factor applied. Tenn. Code Ann. § 40-35-113(1). Two enhancement factors applied. The defendant had a previous history of criminal convictions. Tenn. Code Ann. § 40-35-114(1). Also, the defendant had a previous history of unwillingness to comply with sentences involving release in the community. Tenn. Code Ann. § 40-35-114(8).

The record demonstrates that the trial court carefully considered the good qualities of the defendant. Its primary concern was the defendant's continuing unwillingness to abide by his terms of release. We agree. The number of driving offenses the defendant has accumulated over the last fifteen years is incredible. The lack of an operator's license has rarely been a deterrent to his inclination to drive. Because the trial court considered the sentencing principles and all relevant facts and circumstances, the Range II sentence of three years and four months is entitled to the presumption of correctness. The defendant has failed to overcome that presumption.

Nor can we conclude the trial court erred by denying an alternative sentence. As a Range II offender, the defendant is not entitled to the presumption in favor of an alternative sentence. See Tenn. Code Ann. § 40-35-102(b). Moreover, the defendant's lengthy criminal history and his refusal to comply with terms of a sentence involving release into the community fully warrants the denial of an alternative sentence. See Tenn. Code Ann. § 40-35-103(1)(c).

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
Thomas T. Woodall, Judge


_____
L. T. Lafferty, Special Judge