IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

September 10, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 01C01-9707-CR-00284 |
| Appellee, | ) | |
| | ) | MACON COUNTY |
| | ) | SMITH COUNTY |
| | ) | TROUSDALE COUNTY |
| VS. | ) | |
| | ) | HON. J.O. BOND, |
| DAVID KRANTZ, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Burglary, |
| | ) | Burglary, Theft over $1,000) |

FOR THE APPELLANT:

ROBERT G. WHEELER, JR.
SunTrust Center, Suite 900
424 Church Street
P.O. Box 198615
Nashville, TN 37219-8615

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

KAREN M. YACUZZO
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

TOM P. THOMPSON, JR.
District Attorney General

JOHN D. WOOTEN, JR.
Assistant District Attorney General
203 Greentop Street
P.O. Box 178
Hartsville, TN 37074-0178

OPINION FILED: _____

AFFIRMED AS MODIFIED; REMANDED FOR ENTRY OF PROPER JUDGMENTS

JOE G. RILEY,
JUDGE

**OPINION**

The defendant, David Krantz, appeals as of right his sentences based upon guilty pleas to various counts of aggravated burglary and theft over $1,000 in Trousdale, Macon, and Smith Counties. The sentences in the three (3) counties have been consolidated for appellate purposes. The defendant received an effective sentence of four (4) years with one (1) year to be served in the local jail and the remainder on probation. The defendant contends the trial court failed to apply a mitigating factor in sentencing him and erred in not granting total probation. Although we remand for the correction of the judgments, the trial court is affirmed in all other respects.

## **PROCEDURAL HISTORY**

The defendant was indicted in June 1995 in Trousdale County for burglary, aggravated burglary, theft over $1,000, and theft over $10,000. He pled guilty to two (2) counts of aggravated burglary.[1] The theft charges were then dismissed.

The defendant was indicted in August 1995 in Smith County for three (3) counts of aggravated burglary, two (2) counts of theft over $1,000, and one (1) count of theft over $10,000. He pled guilty to three (3) counts of theft over $1,000. The aggravated burglary charges were then dismissed.

The defendant was indicted in October 1995 in Macon County for aggravated burglary and theft over $1,000. The defendant pled guilty to one (1) count of aggravated burglary. The theft charge was then dismissed.

---

[1] Subsequently in this opinion, we discuss the need to correct one of the judgments to reflect burglary and not aggravated burglary.

Sentencing was held at the same time for all convictions. The defendant received an effective sentence of four (4) years. The first year of the sentence was ordered to be served in the local jail with the remaining three (3) years to be served on probation.

## SENTENCING

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894

3

S.W.2d 301, 305 (Tenn. Crim. App. 1994).

### A. Mitigating Factor

The defendant contends the trial court erred by failing to find his cooperation with law enforcement as an applicable mitigating factor. The state conceded at the sentencing hearing that the defendant's cooperation helped to establish venue and "make cases [against the co-defendant] in Macon County, Trousdale County and also in Smith County." The trial court refused to give this mitigating factor any weight because the facts the defendant related to law enforcement were different than those given to the trial court at the sentencing hearing.

Although we find this cooperation should have been considered as a mitigating factor, we see no reason to reduce the sentences. The four-year sentence for aggravated burglary is only one year above the minimum of three (3) years. The defendant received the minimum three (3) years for the other aggravated burglaries. For the thefts over $1,000, the defendant received two (2), three (3), and four (4) year sentences. All sentences are concurrent. The defendant had already been sentenced to six (6) years for theft in Sumner County. We see no reason to reduce the sentences.

### B. Probation

#### (1)

The defendant's primary contention is that the trial court erroneously denied him total probation. A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a).

4

An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6). A trial court must presume that a defendant sentenced to eight years or less and who is not an offender for whom incarceration is a priority is subject to alternative sentencing. State v. Byrd, 861 S.W.2d 377, 379-80 (Tenn. Crim. App. 1993). It is further presumed that a sentence other than incarceration would result in successful rehabilitation unless rebutted by sufficient evidence in the record. Id. at 380. However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d at 477; see Tenn. Code Ann. § 40-35-303(b).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). The defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Dowdy, 894 S.W.2d at 306.

Under the 1989 Sentencing Act, sentences which involve confinement are to be based on the following considerations contained in Tenn. Code Ann. § 40-35-103(1):

> (A) [c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) [c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) [m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

5

*See* State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App. 1997);State v. Millsaps, 920 S.W.2d 267, 270 (Tenn. Crim. App. 1995).

**(2)**

The trial court found the defendant completely lacking in credibility. The defendant testified at sentencing that he thought he was simply assisting his accomplice transport furniture. He maintained he had no idea he was stealing even though he always picked the furniture up in the evening from unoccupied homes. We give great deference to the trial court in assessing credibility. The defendant's lack of credibility was properly considered by the trial court in denying total probation. *See* State v. Dowdy, 894 S.W.2d at 306.

The trial court found the defendant should not receive total probation after considering the circumstances of the offenses, his criminal history, his lack of candor, and the need to protect the public from further offenses committed by him. We agree. The property loss in these cases was extremely high, and the defendant never admitted culpability. Although the defendant claims total probation is warranted so he can continue restitution payments to the victims, it would appear that, given the best of circumstances, the victims cannot realistically expect to be fully compensated by the defendant. Simply put, the defendant has failed to establish his suitability for total probation.

## CORRECTION OF JUDGMENTS

Although not raised by the parties, we note several errors in the judgments entered by the trial court.

Firstly, the Trousdale County and Smith County judgments combine more than one count into a single judgment. A separate judgment should be prepared

6

for each count even though they are in the same indictment. Sup. Ct. Rules, Rule 17. Upon remand, separate judgments should be prepared and entered for each offense.

Secondly, the notation "parole conditioned upon restitution" must be deleted. The defendant will be on probation, not parole. If restitution is to be a condition of probation, the trial court upon remand must determine the amount, schedule of payments, and allocation among victims. *See* Tenn. Code Ann. § 40-35-304(g)(3); *see also* State v. Alford, ___S.W.2d ___ (Tenn. 1998)(filed June 15, 1998, at Jackson).

Finally, the judgment in Trousdale County case no. 95-48 reflects a guilty plea to Class C aggravated burglary and a sentence of three (3) years. The indictment only charges the offense of Class D simple burglary. *See* Tenn. Code Ann. § 39-14-402(a)(1). We find no amendment to the indictment in the record. We, therefore, reduce the judgment from aggravated burglary to simple burglary and, pursuant to Tenn. Code Ann. § 40-35-401(c), set the sentence at two (2) years. Upon remand the trial court shall enter an amended judgment for simple burglary with a two (2) year sentence to run concurrently with all other sentences. This does not change the effective four-year sentence.

This case is remanded for the entry of judgments as set forth in this opinion. In all other aspects, the trial court is AFFIRMED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

7

_____
**CURWOOD WITT, JUDGE**

8

_____
**LEE MOORE, SPECIAL JUDGE**