STATE of Tennessee, Petitioner,

v.

Darryl V. GREAR, Respondent.

Supreme Court of Tennessee.

May 30, 1978.

Rehearing Denied July 24, 1978.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Brooks McLemore, Jr., Atty. Gen., Nashville, of counsel, for petitioner.

Brett P. Stein, Memphis, for respondent.

## OPINION

BROCK, Justice.

The issue presented in this criminal case is whether the Court of Criminal Appeals erred in reversing the action of the trial court in denying the respondent's application for a suspended sentence. Two subsidiary questions are presented:

(1) Did the trial judge abuse his discretion in denying suspension of the sentence?

(2) Did the Court of Criminal Appeals apply the correct criteria in reviewing the action of the trial court?

For his part in breaking and entering a place of business, along with two other persons, and taking therefrom a money changer machine valued at $1,000.00 and cash in the amount of $370.00 the respondent was indicted for third degree burglary, larceny, and receiving and concealing stolen property. Through a process of plea bargaining, these charges resulted in a plea of guilty by the respondent to a charge of petit larceny

and a sentence of one year imprisonment. After serving a portion of the sentence, the respondent filed his petition for suspension of the remainder of the sentence which was denied by the trial court. The Court of Criminal Appeals reviewed the action of the trial court and in a two to one decision concluded that the trial judge had abused his discretion in denying a suspension of the remainder of the sentence.

## I

The statute authorizing probation and suspension of sentence declares:

"The power of suspension and probation is within the sole discretion of the trial judge, . . ." T.C.A., § 40–2904.

However, we have held that the discretion thus vested in the trial judge is not absolute but is a judicial one which is reviewable in the appellate courts and may be reversed if the appellate court finds that the decision of the trial court was an abuse of judicial discretion. *Moten v. State,* Tenn., 559 S.W.2d 770 (1977); *Stiller v. State,* Tenn., 516 S.W.2d 617 (1974); *Hooper v. State,* 201 Tenn. 156, 297 S.W.2d 78 (1956). An indication of what is meant by "an abuse of discretion" in this context was given in *Moten v. State, supra,* wherein we said:

". . . where the effect of sustaining the denial of a probation would be to defeat the public policy of the state by placing it within the power of the trial judge to deny probation *on a basis outside statutory criteria, and without valid reasons,* we are left with no choice but to intervene . . ." (Emphasis added.) 559 S.W.2d at 773.

The dissenting opinion by Mr. Justice Harbison in the same case adds further enlightenment:

"Whether probation should or should not be granted to a particular criminal offender is conceded by the majority opinion to be a matter of such great discretion with the trial judge that reversal is warranted only upon a finding of an abuse of that authority and not upon the preponderance of the evidence." (Emphasis added.) 559 S.W.2d at 774.

In our view, in order for the reviewing appellate court to be warranted in finding an abuse of discretion by the trial court in these cases it must demonstrate that the record contains no substantial evidence to support the conclusion of the trial court that the defendant is not entitled to probation or suspended sentence, giving due consideration to the criteria set out in the statute and decisions of this Court as appropriate for determining suitability for probation.

Those criteria are ". . . the circumstances of the offense, criminal record, social history, and present condition of the defendant," T.C.A., § 40–2904; the physical and mental condition, where appropriate, of the defendant, *Stiller v. State, supra*; and the likelihood, or lack thereof, that probation will subserve the ends of justice and the best interests of both the public and the defendant, *Hooper v. State, supra.* The record should contain findings of fact of the trial judge respecting these criteria as well as his conclusions of law with respect thereto; otherwise, meaningful appellate review is not possible.

We have reviewed the evidence in this record, the findings of the trial judge with respect thereto, and his conclusion of law that the respondent was not entitled to a suspended sentence and have concluded that the Court of Criminal Appeals erred in holding that the trial court abused its discretion in denying suspension of the respondent's sentence. In our opinion, the evidence would support either conclusion at the trial court level; in such a case it cannot be an abuse of discretion to decide the case either way. The appellate court is not authorized to substitute its judgment for that of the trial court when, as here, it is supported by evidence.

For instance, in considering the defendant's "present condition" the evidence showed that he has acquired gainful employment since he committed the offense and has demonstrated a desire to improve himself. The defendant is a high school

graduate and has demonstrated interest in learning a useful and rewarding skill by engaging in a six month course of welding instruction. He is 20 years of age and a young man of normal intelligence. Two separate probation reports in the record recommend that he be granted probation.

On the other hand, as a 17-year-old juvenile the defendant was convicted of assault and placed on probation for one year. Shortly after this probation terminated, he, as an 18-year-old adult, committed the burglary offense which brought about the present proceeding. The record also indicates that the defendant is the father of a child born out of wedlock whom he is helping to support. The record also showed that the trial court found the defendant to be less than honest in at least two particulars. Although he confessed his guilt at the time he entered a plea of guilty, he, nevertheless, testified at the second hearing of his petition for probation that he was in fact not guilty. Perhaps without intending to mislead the court, the defendant also testified that he "worked every day, a full eight hours," whereas, he admitted on cross-examination that this was not the case and that he sometimes worked as little as 20 hours per week.

In our opinion, an impartial appraisal of the circumstances of the offense, the defendant's criminal record, his social history, his present condition, and especially the fact that he committed the instant offense shortly after he had been on probation as a juvenile for a different offense, could lead one reasonably to conclude that the defendant is not a suitable subject for probation and that suspension of his sentence would not subserve the ends of justice and the best interests of society and the defendant. Accordingly, we hold that the Court of Criminal Appeals erred in concluding that the trial court had abused its discretion in denying the suspended sentence.

We, therefore, reverse the judgment of the Court of Criminal Appeals and affirm that of the trial court. Costs incurred in this Court are adjudged against the respondent.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.