# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE 1995 SESSION



FILED

September 20, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9503-CR-00056 |
| Appellee, | ) |
| | ) Shelby County |
| V. | ) |
| | ) Hon. L. T. Lafferty, Judge |
| | ) |
| **PHILLIP D. BELL,** | ) (Unlawful Possession of a Controlled |
| | )  Substance with Intent to Sell or Deliver) |
| Appellant. | ) |


FOR THE APPELLANT:

Howard L. Wagerman
Howard B. Manis
Attorneys at Law
The Wagerman Law Firm
Suite 2003, 100 North Main
Memphis, TN 38103

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Cyril V. Fraser
Counsel for the State
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti
District Attorney General

James A. Wax, Jr.
Asst. Dist. Attorney General
201 Poplar, 3rd Floor
Memphis, TN 38103


OPINION FILED: _____


**AFFIRMED AS MODIFIED**


**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Phillip D. Bell, the defendant, pled guilty to possession of cocaine, less than .5 grams, with intent to sell.  The Criminal Court at Shelby County sentenced him to serve 180 days in the Shelby County Correctional Center followed by five (5) years probation.  On appeal, the defendant contends that the trial court erred in failing to suspend his entire sentence or, alternatively, in failing to allow service of the sentence on weekends.

We modify and affirm the judgment of the trial court.

The Department of Correction investigation report indicates that members of the Organized Crime Unit executed a search warrant at a location where the defendant was believed to be storing and selling cocaine.  When the police entered the apartment, the defendant entered the bathroom and attempted to flush a plastic bag down the toilet.  The bag contained 2.96 grams of cocaine.  The defendant pled guilty and agreed to a sentence of four years in the Shelby County Correctional Center with suspension of his sentence to be determined after a hearing.

The trial court denied the defendant straight probation, stating:

> Now the reason you're not going to get straight probation is
> because exactly what you did.  You endeavored to sell cocaine.
> You were a known cocaine seller.  You had a business going in
> operation.  So, you're not going to walk through those doors and be
> put on probation because you say you have changed the patterns
> of your ways.  Good.
>
> And what struck me in this report was when they tried to find out
> where you lived, they contact your aunt, she says, 'No,' you don't
> live there, you just come by once in a while.  That is a little odd.

When a defendant appeals a sentencing issue, this Court shall conduct a de novo review on the record with the presumption that the determinations made

by the trial court are correct. T.C.A. § 40-35-401(d) (1990); State v. Byrd, 861 S.W.2d 377, 379 (Tenn. Crim. App. 1993). This presumption of correctness is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. See T.C.A. § 39-17-417(C)(2) (Supp. 1994); T.C.A. § 40-35-102(5), (6) (1990 & Supp. 1994). With all due respect, the record fails to affirmatively show that the trial court began his analysis by considering that the defendant is presumptively subject to alternative sentencing. It appears that the court imposed incarceration and then explained why a sentence less restrictive than incarceration would not be appropriate. Accordingly, we review the record de novo.

The defendant is presumed to be a favorable candidate for alternative sentencing, absent evidence to the contrary. Evidence to the contrary includes (1) evidence of a need to protect society by restraining a defendant who has a long history of criminal conduct, (2) a need to avoid depreciating the seriousness of the offense, (3) a need to deter others likely to commit similar offenses, and (4) evidence that measures less restrictive than confinement have frequently or recently been applied to the defendant. T.C.A. § 40-35-103(1)(A),(B)&(C) (1990). Other factors applicable to the defendant's petition for suspension of his sentence include the defendant's past and present mental and physical condition, State v. Grear, 568 S.W.2d 285, 286-87 (Tenn. 1978), and the defendant's truthfulness at trial or a sentencing hearing. State v. Jenkins, 733 S.W.2d 528, 535 (Tenn. Crim. App. 1987). The defendant's potential or lack of potential for rehabilitation should also be considered. T.C.A. § 40-35-103(5).

In denying probation, the trial court emphasized the nature of the offense. Before a trial court can deny probation based solely on the nature of the offense, the act must be especially violent, offensive, or otherwise of an excessive or

exaggerated degree; and this factor must outweigh all other factors favoring probation. State v. Travis, 622 S.W.2d 529, 534 (Tenn. 1981). The defendant testified that he was not a "big-time" drug seller but that he had dealt with approximately $400.00 worth of cocaine.[1] He admitted that the officers recovered a gun, two walkie-talkies and a beeper watch at the location where the search warrant was executed. The defendant testified that he had the walkie-talkies and the beeper to watch out for the police. The defendant's offense, however, was nonviolent; there was no injury or death involved. The defendant is a youthful offender, twenty-one years old. He admits to having arrests as a juvenile for expired tags, violation of curfew and patronizing prostitution. Since his arrest, he has found employment and enrolled in a program to obtain his GED. He says that he is remorseful for his crimes. He testified that he does not take drugs.

In denying probation, the trial court relied upon the defendant's lack of candor in addition to the nature of the offense. With the exception of the court's finding that the defendant told investigators that he lived with his aunt when he apparently did not, the defendant was candid with the court. He admitted his involvement with cocaine and the degree of his involvement.

This is a close case. Our review leads us to believe that the defendant was a known drug dealer and the police caught him. He received a good negotiated plea, but his prior adult record is unblemished. We do believe that 180 days of shock confinement will assist him in rehabilitation. He ought to have the opportunity to hold a job and progress toward a GED, however. Therefore,

---

[1] Although indicted for felonious sale of cocaine possession greater than five grams, a class B felony, the defendant was allowed to plead to a class C felony in a plea bargain.

we affirm the trial court's sentence but modify it to the extent that the 180 days incarceration will be served in periodic confinement as designated by the trial judge to allow the defendant to work and go to GED training. The 180 days will be served based upon a 24 hour day as the trial judge ordered.

**AFFIRMED AS MODIFIED**

_____
PAUL G. SUMMERS, JUDGE

CONCUR:


_____
WILLIAM M. BARKER, JUDGE



_____
MARY BETH LEIBOWITZ, SPECIAL JUDGE