IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1998 SESSION

FILED

February 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9612-CR-00454 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOHN P. COLTON, |
| KEVIN R. HYMAN and | ) | JUDGE |
| KAREN D. RUSSELL, | ) | |
| | ) | (Aggravated Assault) |
| Appellants. | ) | |

**FOR BOTH APPELLANTS ON APPEAL:**

**BENJAMIN F. HEAD**
147 Jefferson, Suite 408
Memphis, Tennessee 38103-2234

**FOR APPELLANT HYMAN IN TRIAL COURT:**

**MARVIN E. BALLIN**
200 Jefferson Avenue, Ste. 1250
Memphis, TN 38103-2328

**FOR APPELLANT RUSSELL IN TRIAL COURT:**

**WALTER L. BAILEY, JR.**
200 Jefferson Avenue, Ste. 800
Memphis, TN 38103-2328

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
Cordell Hull Bldg. - 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**J. ROBERT CARTER, JR., LORRAINE CRAIG**
Asst. District Attorneys General
201 Poplar Avenue, Suite 301
Memphis, Tennessee 38103

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

This is an appeal from the denial of judicial diversion and total probation. Appellants, Kevin R. Hyman and Karen D. Russell, each pled guilty to one count of Class D reckless aggravated assault. The court required thirty (30) days continuous incarceration with an additional thirty (30) days to be served on weekends; a total of two (2) years probation, six (6) months of which was to be intensive probation; one year of house arrest; 200 hours of community service; a letter of apology to the victim; and curfew for the entire two (2) years of probation.

Finding no error, we affirm the judgment of the trial court.

## PROCEDURAL HISTORY

The appellants were each indicted for attempted aggravated robbery. They entered a guilty plea to reckless aggravated assault, a Class D felony, and agreed to a two-year sentence with the issue of judicial diversion and alternative sentencing to be determined by the trial court.

The indictment was based on the following facts. Appellant Russell and the victim, Katie McSorley, were co-workers at a pizza restaurant in Memphis. The victim went to the bank at 3:00 a.m. one morning to make the night deposit. The appellants followed in a car borrowed from a friend of appellant Hyman. As the victim was making the deposit, she saw appellant Hyman in a ski mask and camouflage jacket come around the corner, and then he bolted. As she left the bank she saw a car pulling out of the parking lot going the wrong way, and she followed it. She came upon the car stopped on a freeway ramp and was able to get the license plate number. She saw appellant Hyman roll down the window and display a gun. She testified that she was terrified.

Appellants gave written statements to the police admitting their intention to rob McSorley, but at sentencing maintained that they were only attempting to teach McSorley a lesson about going to the bank alone. Appellants also testified at their

2

sentencing hearing that they gave the incriminating statements as a result of coercion by police officers. The trial court found this testimony by the appellants less than believable.

The appellants chose to plead guilty to Class D reckless aggravated assault rather than challenge the state's proof and proceed to trial. Following a lengthy sentencing hearing, the trial court took the matter under advisement and pronounced sentence two (2) months later. The appellants were assessed thirty (30) days of continuous incarceration, thirty (30) days on weekends and the balance of the two-year sentence on probation.

## DENIAL OF JUDICIAL DIVERSION

Appellants first contend the trial court erred in denying judicial diversion. This Court has recently addressed judicial diversion in State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996):

> The criteria that the trial court must consider in deciding whether a qualified accused should be granted judicial diversion include: (a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice - the interests of the public as well as the accused.

Parker also interprets Tenn. Code Ann. § 40-35-313, the judicial diversion statute, as not entitling the accused to the same favorable presumption created by Tenn. Code Ann. § 40-35-102(6). Id. at 958. Rather, this decision rests within the sound discretion of the trial court. "[T]his Court will not interfere with the refusal of the trial court to grant judicial diversion if there is 'any substantial evidence to support the refusal' contained in the record." Id. (citations omitted).

In this case the trial judge considered the relevant factors, emphasizing the seriousness of the circumstances of the offense and the apparent untruthfulness of the appellants. The trial court concluded the ends of justice and the best

3

interests of the appellants dictated the denial of judicial diversion. Clearly, there is substantial evidence to support the denial. Accordingly, this issue is without merit.

## DENIAL OF FULL PROBATION

We now consider whether the trial court erred in denying complete probation of the sentences. In deciding whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social and present condition, the need for deterrence, and the best interests of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995); State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). A defendant's lack of credibility is also an appropriate consideration and reflects on a defendant's potential for rehabilitation. State v. Byrd, 861 S.W.2d 377, 380 (Tenn. Crim. App. 1993).

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

Although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation. State v. Boggs, 932 S.W.2d at 477. The trial court obviously concluded the defendants failed to meet this burden. Our review of the trial court's findings and sentences is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). We find no error in the denial of total probation, nor do we find any error in the length or manner of confinement. This issue is without merit.

4

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**PAUL G. SUMMERS, JUDGE**

5