IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1999 SESSION

FILED

April 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9808-CC-00233 |
| | ) | |
| | ) | Madison County |
| v. | ) | |
| | ) | Honorable Whit LaFon, Judge |
| | ) | |
| ANTONIO WARD, | ) | (Probation Revocation) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

George Morton Googe
District Public Defender
    and
Stephen P. Spracher
Assistant Public Defender
227 West Baltimore Street
Jackson, TN 38301
(AT TRIAL)

George Morton Googe
District Public Defender
227 West Baltimore Street
Jackson, TN 38301
(ON APPEAL)

Clifford K. McGown, Jr.
113 N. Court Square
P.O. Box 26
Waverly, TN 37185
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
    and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

James G. (Jerry) Woodall
District Attorney General
    and
James W. Thompson
Assistant District Attorney General
225 Martin Luther King Drive
P.O. Box 2825
Jackson, TN 38302-2825

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Antonio Ward, appeals as of right from the revocation of his probation by the Madison County Circuit Court. He asserts that he should have been sentenced to community corrections instead of to the Department of Correction. We disagree. The defendant was sentenced in 1992 to six years for aggravated assault. He was to serve six months in the workhouse and the remaining five years and six months on probation. He was transferred to the Madison County community corrections program. In 1993, the defendant sought permission to move to Illinois. Finding that the defendant had been successful in the community corrections program, the trial court transferred the defendant to the Department of Correction's probation program to facilitate his move.

In February 1996, a probation violation report was filed based upon the defendant's failure to report to his probation officer. This warrant was dismissed and the defendant was returned to supervision in Illinois. In January 1998, a second probation violation report was filed based upon the defendant's failure to report to the probation officer.

The defendant admitted that he failed to report to the probation office in Illinois. He admitted that he was drinking and would go on binges and not report. The trial court stated that it had given the defendant his chances, and it revoked probation.

The defendant contends that given his previous good service in the community corrections program, the trial court should have placed him into that program as opposed to the Department of Correction. The decision to revoke probation is within the discretion of the trial court. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). Upon revoking probation, the trial court has the discretion to order the original

2

sentence to be served.  See T.C.A. §§ 40-35-310 and -311(d).  An abuse of discretion may be found only if the record contains no substantial evidence to support the conclusion of the trial court.  See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

In the present case, the record reflects that the defendant was given a second chance to complete his probation after he originally failed to report to the Illinois Probation Department.  However, he continued to fail to report.  With this evidence and the defendant's admission of a serious drinking problem, the trial court was justified in requiring the defendant to serve his sentence in the custody of the Department of Correction.  The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
Thomas T. Woodall, Judge