**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

FILED

June 10, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

**AT KNOXVILLE**

**MARCH 1999 SESSION**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. 03C01-9804-CC-00135 |
| | ) | BLOUNT COUNTY CIRCUIT |
| | ) | |
| Appellee, | ) | Hon. D. Kelly Thomas, Jr., |
| | ) | Judge |
| | ) | |
| | ) | |
| vs. | ) | (SENTENCING) |
| | ) | NO. C-10418, 10421-23 |
| | ) | |
| STEVE CLICK, JR., | ) | |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

MACK GARNER
District Public Defender
419 High Street
Maryville, TN 37804

GERALD L. GULLEY, JR., ESQUIRE
P.O. Box 1708
Knoxville, TN 37901

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

TODD R. KELLEY
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Bldg.
Nashville, TN 37243

MICHAEL L. FLYNN
District Attorney General

KIRK ANDREWS
Assistant District Attorney
363 Court Square
Maryville, TN 37804

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK
Special Judge

**OPINION**

The appellant, Steve Click, Jr., appeals as of right the sentencing determination of the Blount County Circuit Court. He pled guilty to four counts of aggravated burglary, a Class C felony, three counts of theft over $1,000.00, a Class D felony, and one count of theft over $500.00, a Class E felony. The trial court sentenced him as a Range I standard offender to serve three-year sentences for each aggravated burglary, two-year sentences for each count of theft over $1,000.00, and a one-year sentence for the count of theft over $500.00. All sentences were run concurrent to one another. Appellant also received a two-year consecutive sentence for the Class E felony offense of theft over $500.00 committed while he was released on bond following his arrest on the original charges.[1] The sole issue on appeal is whether the trial court abused its discretion in failing to impose an alternative sentence. Following our review of the record, we affirm the judgment of the trial court.

The evidence offered at the sentencing hearing showed the appellant was nineteen years old at that time. He had quit school after tenth grade but was working on obtaining his GED at the time of the hearing. As a juvenile he was declared delinquent by reason of committing (1) aggravated criminal trespass and (2) an assault with a weapon against an animal. He also was truant from school, got into fights, ran away from home, and took Ritalin for attention deficit disorder. He violated the terms of juvenile probation more than once. In 1994 he was committed to the custody of the Department of Youth Development. Since his release in 1996 he has experienced mental or psychotic episodes that warranted treatment and medication.

In August 1997 appellant was indicted for four separate counts of aggravated burglary and theft of property of various values. The residential burglaries all occurred on different days in April and May 1997, and resulted in the theft and pawning of guns. The appellant claimed another young man was the leader in committing these offenses, but the existence of that individual was never verified.

---

[1] The theft offense for which appellant received consecutive sentencing was designated below as Case Number 10875. The record does not reflect that any appeal has been perfected as to it. The Notice of Appeal, Designation of Record, and clerk's certificate do not make reference to the case. No appeal bond bears this case number. The judgment order in this case is not found in this Record. However, the court's Order increasing bail on appeal does include this case number, and both parties have discussed it in their briefs. Therefore we have included it in our discussion.

2

While released on bond on for these offenses, appellant was arrested on October 19, 1997 on a new theft charge, which he explained as his effort to "borrow" a four-wheeler before deciding whether to buy it. After this arrest appellant sought psychiatric medical attention and a psychological evaluation. He was then placed on certain tranquilizing medications and ultimately was diagnosed as having personality disorder and adult antisocial behavior.

On December 12, 1997, appellant pled guilty to four counts of aggravated burglary and five counts of theft. The length of each sentence was agreed to by the parties. The manner of service of the sentences was left for the court to determine. On December 22, 1997, appellant tested positive for the presence of valium in his system, although this drug had not been prescribed for him. He denied using it.

A sentencing hearing was conducted March 31, 1998. The trial court sentenced appellant to serve concurrent three-year sentences for each aggravated burglary, concurrent two-year sentences for each count of theft over $1,000.00, and a concurrent one-year sentence for one count of theft over $500.00. Appellant also received a two-year sentence for the count of theft over $500.00 committed while he was on bond, and that sentence was run consecutive to the other sentences. The court declined to grant probation or any alternative sentencing.

When an accused challenges the length, range or the manner of service of a sentence, this court conducts a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W. 2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann.§40-35-401(d) Sentencing Commission comments.

A defendant is eligible for probation if the sentence imposed is eight years or less. Tenn. Code Ann. §40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. §40-35-102(6). However, the appellant has the burden of establishing suitability for

3

total probation. State v. Boggs, 932 S.W. 2d 467, 477 (Tenn. Crim. App. 1996).

In determining whether to grant or deny probation, the trial court should consider the circumstances of the offense, the appellant's criminal record, social history and present condition, the need for deterrence, and the best interest of the appellant and the public. State v. Grear, 568 S.W. 2d 285, 286 (Tenn. 1978).

In a case where the defendant seeks probation, the court must consider the accused's criminal record, social history, present physical and mental condition, the circumstances of the offense, the deterrent effect upon criminal activity of the accused as well as others, and the accused's potential or lack of potential for rehabilitation and treatment. State v. Parker, 932 S.W. 2d 945, 959 (Tenn. Crim. App.1996).

The trial court based its decision to impose incarceration upon several factors, including the circumstances of the offense, the appellant's current psychological condition, and the court's desire to provide deterrence and to avoid depreciating the seriousness of the crimes committed. As a juvenile, the appellant accumulated a record of convictions, including those involving shooting a dog and aggravated criminal trespass for looking in women's windows. The residential burglaries at issue involved the taking of women's underwear and guns, and involved one instance when a young girl came in upon the appellant, creating a potentially dangerous situation. The appellant committed the last theft while on bond after arrest in the earlier cases. He testified that he was arrested for and convicted of taking a pair of sunglasses from Wal-Mart in Sevier County, also while these charges were pending. The court concluded that no alternative sentencing option could be successfully completed by the appellant. The judge did authorize the appellant to be evaluated for the "boot camp" program.

The sentence imposed by the trial court was justified. The appellant's history of criminal conduct against the homes of other persons and his taking and use of guns suggest that he is a danger to the public. He failed a drug screen conducted after the entry of his guilty plea but before sentencing. As a juvenile he was revoked from probation more than once for failing to comply with conditions imposed upon him. He has been unable to maintain steady employment. Appellant has not shown he is a favorable candidate for probation.

4

For the reasons set forth above, we affirm the judgment of the trial court in all respects.

_____
CORNELIA A. CLARK
SPECIAL JUDGE


_____
GARY R. WADE
JUDGE


_____
NORMA M. OGLE
JUDGE

5

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MARCH 1999 SESSION**


**STATE OF TENNESSEE,**                    )          **C.C.A. 03C01-9804-CC-00135**

|  |  | ) | **BLOUNT COUNTY CIRCUIT** |
| --- | --- | --- | --- |
|  |  | ) |  |
|  | Appellee, | ) | Hon. D. Kelly Thomas, Jr., |
|  |  | ) | Judge |
|  |  | ) |  |
|  |  | ) |  |
| vs. |  | ) | (SENTENCING) |
|  |  | ) | NO. C-10418, 10421-23 |
|  |  | ) |  |
| STEVE CLICK, JR., |  | ) |  |
|  |  | ) |  |
|  | Appellant. | ) |  |

## JUDGMENT

Came the appellant, Steve Click, Jr., represented by counsel and also came the attorney general on behalf of the State, and this case was heard on the record on appeal from the Criminal Court of Blount County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Blount County for execution of the judgment of that court and for collection of costs accrued below.

In the event the defendant indicates an intention to file an application for permission to appeal to the Tennessee Supreme Court, he may be admitted to bail in the additional amount of $625.00 for a total bond amount of $3,125.00 with sufficient sureties to be approved by the clerk of the trial court pending filing and disposition of said application. In default of such bond, he shall be remanded to the custody of the Sheriff of Blount County.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

PER CURIAM

Gary R. Wade, Judge
Norma M. Ogle, Judge
Cornelia A. Clark, Special Judge