IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER 1999 SESSION

FILED

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9903-CC-00102 |
| | ) | |
| | ) | Blount County |
| v. | ) | |
| | ) | Honorable D. Kelly Thomas, Jr., Judge |
| | ) | |
| JIMMY D. JOHNSON, | ) | (Probation revocation) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Stacey D. Nordquist
Assistant District Public Defender
419 High Street
Maryville, TN 37804

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Elizabeth B. Marney
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Michael L. Flynn
District Attorney General
        and
Kirk E. Andrews
Assistant District Attorney General
363 Court Street
Maryville, TN 37804-5906

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

The defendant, Jimmy D. Johnson, appeals as of right from the Blount County Circuit Court's revocation of his probation. The defendant pled guilty to incest, a Class C felony, and was sentenced as a Range I, standard offender to six years confinement in the Department of Correction. The defendant was ordered to serve one hundred eighty days in the Blount County Jail with the remainder to be served on supervised probation. He contends that the trial court erred by revoking his probation and sentencing him to incarceration. We affirm the judgment of the trial court.

The defendant was originally indicted for rape but pled guilty to incest. He was originally sentenced to one year in the Blount County Jail followed by four years in community corrections. On December 31, 1996, a warrant was issued for a violation of community corrections, alleging that the defendant failed to meet with his community corrections officer, used alcohol in violation of his community corrections agreement, failed to attend sex offender group therapy, failed to pay fines and court costs, and failed to pay supervision fines. At the revocation hearing on March 21, 1997, the trial court amended the judgment to five years in the Department of Correction and released the defendant on appeal bond, conditioned upon the defendant's meeting the requirements of the community corrections program. On July 26, 1997, another warrant for a violation was issued.

This court vacated and remanded the defendant's original conviction in order for the indictment to be amended to reflect a charge of incest. State v. Jimmy D. Johnson, No. 03C01-9602-CC-00062, Blount County (Tenn. Crim. App. Oct. 16, 1997). The indictment was amended, and the defendant pled guilty to the amended charge of incest. The trial court sentenced him to six years in the Department of Correction, with one hundred eighty days to be served in jail and the remainder on probation.

2

On October 5, 1998, a warrant for violation of probation was issued, alleging various failures by the defendant to follow probation requirements. At the revocation hearing, the defendant's probation officer, Mike Lane, testified that the defendant's probation began on November 4, 1997. He testified that the defendant abided by the terms of his probation until September 1998 when the defendant failed to report on three different occasions. Mr. Lane testified that the defendant also failed to report to his sex offender counselor, wrote a worthless check for twenty-five dollars, and provided deceptive answers regarding his participation in sex counseling during a polygraph examination.

Mr. Lane testified that the last contact he had with the defendant was on September 17, 1998, when the defendant called to say that he had missed his appointments because he had been drinking and having "women problems." Mr. Lane testified that he instructed the defendant to report on September 24 in order for Mr. Lane to help him with his problems but that the defendant did not keep the appointment. Mr. Lane testified that the defendant missed his follow-up appointment on November 30, 1998. He said he then learned that the defendant had failed to report a public intoxication charge from August 1998, and he filed a violation report.

The defendant testified that his main problem was drinking and that he stopped going to sex offender counseling because of his drinking. At the conclusion of the hearing, the trial court summarized the defendant's lengthy history of prior offenses, including numerous public intoxication and driving under the influence convictions. The trial court revoked the defendant's probation and ordered that the defendant spend the remainder of his sentence in the custody of the Department of Correction, finding that:

> Doing the best that you can do fighting alcoholism, you know,
> I mean, that's – the best a person can do is the best a person
> can do, and I'm not being critical of that. But that's not the only
> consideration. There are lots of alcoholics, Mr. Johnson, that
> don't commit incest and that don't have six or seven DUI's.
> You don't have to break the law to be an alcoholic and even be

3

drinking. Some people do, some people don't. And the bad thing about that is, it's public safety and your safety. . . . . What I'm saying is that I can't take the risk anymore because of this repeated behavior and how dangerous it is.

The defendant contends that the trial court erred by revoking his probation and sentencing him to incarceration. The state contends that the trial court properly revoked the defendant's probation and sentenced him to incarceration.

The decision to revoke probation is within the discretion of the trial court. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). Upon revoking probation, the trial court has the discretion to order the original sentence to be served. See Tenn. Code Ann. § 40-35-310, -311(d). An abuse of discretion may be found only if the record contains no substantial evidence to support the conclusion of the trial court. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

Although the defendant contends that the trial court erred by revoking his probation, he concedes in his brief that sufficient proof was presented at the revocation hearing to establish that he violated the terms of his probation by drinking and failing to complete sex offender counseling. Furthermore, he has not demonstrated that the trial court abused its discretion by ordering him to serve his sentence in incarceration. The defendant's lengthy criminal history, his inability to abide by the terms of an alternative sentence, and his admitted alcohol abuse support the trial court's decision.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
Joseph M. Tipton, Judge

4

CONCUR:

_____
Jerry L. Smith, Judge


_____
Thomas T. Woodall, Judge