IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. ROBERT LEE DAY

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-11464, 11465  D. Kelly Thomas, Judge**

---

**No. E1999-01380-CCA-R3-CD - Decided**
**May 25, 2000**

---

The defendant, Robert Lee Day, having a lengthy history of driving offenses, is not entitled to immediate probation on a one-year sentence for violation of the Motor Vehicle Habitual Offender's Act.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

WADE, P.J.,  delivered the opinion of the court, in which TIPTON and WITT, JJ., joined.

Julie A. Rice, Contract Appellate Defender (on appeal), Knoxville, Tennessee, and Stacey Nordquist, Assistant District Public Defender (at trial), Maryville, Tennessee, for the appellant, Robert Lee Day.

Paul G. Summers, Attorney General & Reporter, Patricia C. Kussman, Assistant Attorney General, and John Bobo, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant, Robert Lee Day, pled guilty to criminal impersonation and violation of the Motor Vehicle Habitual Offender's Act. See Tenn. Code Ann. §§ 39-16-301, 55-10-616. The trial court imposed a sentence of one year for the habitual motor vehicle offender violation, with 90 days in jail on work release and the balance on supervised probation. A consecutive three-month sentence, to be served on probation, was imposed for the criminal impersonation. In this appeal of right, the defendant argues that the trial court erred by imposing the 90-day jail sentence. The judgment of the trial court is affirmed.

On January 3, 1999, the defendant was stopped by police for a registration violation. Because the defendant did not have a valid driver's license, he informed Officer Rick Arnold that his name was John William Day. The defendant also provided a false date of birth.

At the sentencing hearing, the defendant, an unemployed painter and construction worker, explained that he provided a false name because he "didn't want to [go] to jail and lose [his] job." Twenty-six years old at the time of the sentencing hearing, the defendant is single and resides

with his mother, his stepfather, and a stepbrother. Although he dropped out of school in the tenth grade, the defendant has since obtained his Graduate Equivalent Diploma.

The defendant, who last held employment with a paint contractor but quit due to a disagreement with his supervisor, has several prior offenses which include theft of less than $500 in 1999, driving on a revoked license in 1997, and possession of marijuana in 1996. Other convictions between 1991 and 1995 include possession of burglary tools, driving on a suspended license, and three counts of driving on a revoked license. In 1994, he was convicted of four separate traffic offenses: two instances of speeding, one reckless driving offense, and one offense of disregard of a red traffic signal. The defendant reported that he was arrested for possession of marijuana as a juvenile.

The defendant reported having consumed alcohol regularly since the age of 13. While he denied using marijuana, he tested positive for marijuana in a drug screen conducted prior to the sentencing hearing. He described himself as in good mental health and without any dependence upon drugs or alcohol. Other than having a problem with his right knee, the defendant is in good physical health. He recently recovered from a broken foot. At the sentencing hearing, the defendant explained that he was driving his vehicle because he had no other means of transportation to and from his place of employment. The defendant was on bail for theft charges when he was arrested on these offenses.

The trial court found two enhancement factors: that the defendant had a previous history of criminal convictions in addition to those necessary to establish the proper range and that the defendant had demonstrated an unwillingness to comply with conditions of a sentence involving release into the community. See Tenn. Code Ann. § 40-35-114(1), (8). As mitigating factors, the trial court observed that the defendant's conduct neither threatened nor caused injury and that the defendant had committed the crimes due to his desire to provide for his family. See Tenn. Code Ann. § 40-35-113(1), (7). The trial court imposed a jail sentence due to the defendant's lack of candor, his poor rehabilitative prospects, and his prior criminal history.

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn.1978).

In our view, the trial court did not commit error. At a relatively young age, the defendant has a number of prior criminal offenses, most of which are traffic-related. He continued to drive despite having lost his driving privileges several years prior to these offenses. He apparently did so for some time before he was caught. His explanation to the trial court when asked why he tested positive for marijuana in a drug screen, taken just before his sentencing hearing, was that he had "walked through a room with marijuana smoke in it." The trial court determined that the response was not a candid explanation of the circumstances. The evidence does not preponderate against that conclusion.

Accordingly, the judgment is affirmed.