# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE  v. JOHN A MELSON

**Direct Appeal from the Circuit Court for Hardin County**
**No. 7619     C. Creed McGinley, Judge**

---

### No. W1999-00523-CCA-R3-CD - Decided June 28, 2000

---

On December 1, 1997, the defendant pled guilty to delivering less than .5 grams of cocaine and received a sentence of three years, with sixty days of the sentence to be served in jail and the balance on supervised probation. Following a probation revocation hearing on September 21, 1999, the trial court entered an order revoking probation and ordering the defendant to serve the three year sentence in prison. We conclude that the record contains substantial evidence to support the conclusion of the trial court that the defendant violated the terms of his probation. Therefore, we affirm the judgment of the trial court.

**Tenn.R.App. P. 3 Appeal as of Right; Judgment of the Circuit Court affirmed.**

WEDEMEYER, J., delivered the opinion of the court, in which SMITH , J. and WITT,  J. joined.

Richard W. DeBerry, Assistant District Public Defender, Camden, Tennessee for the appellant, John Melson.

Paul G. Summers, Attorney General and Reporter, and Clinton J. Morgan, Assistant Attorney General for the appellee, State of Tennessee.

### OPINION

On October 15, 1997, the defendant, John Melson, pled guilty to delivery of less than .5 grams of cocaine. On December 1, 1997, judgment was entered by the trial court sentencing the defendant to three years the Department of Corrections with supervised probation for two years and ten months effective "after serving 60 days of continuous confinement."

On July 20, 1998, a warrant against the defendant was issued, alleging that "the defendant has failed to report to jail as ordered by the court and has made no payments toward restitution, fines or court costs."

On May 26, 1999, an additional warrant against the defendant was issued, alleging that "the defendant has failed to report to the Probation Officer as directed" and "the defendant has been on probation since his release from jail on October 16, 1998, and has made no payments toward

restitution, fees, fines or court costs."

On September 21, 1999, the trial court, after an evidentiary hearing, found that the defendant had violated the terms and conditions of probation by failing to report as directed to the probation officer and failing to pay fines, costs and fees.

On appeal, the defendant argues that the evidence is insufficient to prove that the defendant violated the conditions of his probation by a preponderance of the evidence. We respectfully disagree.

From the evidence presented at the probation revocation hearing, it is clear that the defendant failed to report to the probation officer as directed. The defendant missed six appointments, and although he claimed that health problems contributed to his failure to report, the trial court was clearly not convinced that the health problems were sufficiently serious to prevent the defendant from reporting.

From the evidence presented at the probation revocation hearing, it is clear that the defendant had paid nothing toward fines, restitution or costs. Although the defendant proposed a plan to pay fifty dollars per month, this plan was apparently first proposed on the date of the probation revocation hearing.

When a trial court determines by a preponderance of the evidence that a probationer has violated the conditions of his or her probation, the trial court has the authority to revoke probation. Tenn.CodeAnn. § 40-35-311. The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn.Crim.App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn.Crim.App.1981). To find an abuse of discretion in a probation revocation case, the record must be void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn.1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn.Crim.App.1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn.Crim.App.1984).

The evidence at the probation revocation hearing established that the defendant violated the terms and conditions of his probation. The trial court, therefore, had the authority to revoke his probation. See Tenn.CodeAnn.§ 40-35-311(d). The record does not indicate that the trial court abused its discretion in exercising such authority.

Accordingly, the judgment of the trial court is affirmed.