IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

## STATE OF TENNESSEE v. ROBERT N. ROGERS

**Appeal from the Circuit Court for Blount County**
**No. C-10499, 10500     D. Kelly Thomas, Jr., Judge**

---

**No. E2000-00866-CCA-R3-CD**
**March 19, 2001**

---

The defendant contends that the trial court erroneously ordered service of his original sentences upon the revocation of his probation. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Julie A. Rice, Knoxville, Tennessee (on appeal), Raymond Mack Garner, District Public Defender, and Shawn G. Graham, Assistant Public Defender (at trial), for the appellant, Robert N. Rogers.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; Michael L. Flynn, District Attorney General; and John Anderson Bobo, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Robert N. Rogers, appeals as of right from the Blount County Circuit Court's revocation of his probation. The defendant pled guilty to possession of morphine with intent to deliver or sell, a Class B felony, and possession of cocaine with intent to deliver or sell, a Class B felony. The trial court sentenced the defendant as a Range I, standard offender and imposed the agreed, concurrent eight-year sentences. The court ordered the defendant to serve one hundred twenty days in the Blount County jail, three years on supervised probation, and seven years on unsupervised probation. The defendant received eighty hours of community service and a two-thousand-dollar fine for each conviction. He contends that the trial court erred in ordering the service of the original sentences upon revoking his probation. We affirm the judgment of the trial court revoking probation and ordering service of the original sentences.

On February 15, 2000, a probation violation warrant issued alleging that the defendant was arrested on February 5, 2000, for theft of over ten thousand dollars and driving on a revoked license and that he failed to report the arrest to his probation officer. On March 28, 2000, the trial court

ordered the warrant to be amended to include the following violations: The defendant tested positive for cocaine and opiates in October 1999, he failed to pay any costs or fines, and he performed no community service work. At the revocation hearing, Mike Lane of the Probation Department testified that the defendant's probation officer was on extended sick leave but that the defendant's file reflected the following: On February 5, 2000, the defendant was arrested for theft of over ten thousand dollars and driving on a revoked license. On February 11, 2000, the defendant was arrested for shoplifting. The defendant did not report either of these arrests to his probation officer. Also, the defendant failed to report to his probation officer in December 1999 but had reported every other month, including January 2000.

Mr. Lane testified as follows: The defendant tested positive for cocaine and opiates in October 1999. At that time, he was sent for a drug and alcohol evaluation by the CAPP Program. The evaluation revealed that he had a serious drug abuse problem, and in-patient treatment was recommended. The defendant was referred to Center Point and evaluated by John Mott, who also recommended in-patient treatment. The defendant instead chose to participate in a methadone clinic. Although the defendant had never paid any court costs or fines, the defendant's file contained a payment agreement signed on January 12, 2000, which required the defendant to pay forty dollars a month beginning on February 5, 2000. The defendant had not performed any community service, and the file contained no agreement regarding the defendant's community service hours.

At the hearing, the defendant admitted that while on probation, he used cocaine three or four times per month until he began attending the methadone clinic following his positive drug screen in October 1999. He said that he was disabled due to back problems and that before his incarceration, he was working part-time instructing others on how to seal swimming pools, a job he had held for ten years. He stated that John Mott had mentioned the methadone clinic and that the defendant thought that it would be the best option because of his job. He said that he went to the clinic every day for one to two hours and that, in addition to methadone, he received counseling and attended meetings there. He stated that while in this program, he was tested for drug use once or twice monthly and that all the tests were negative.

The defendant testified that he did not report his arrests to his probation officer because within a couple of days of his release from his first arrest in Knox County, he was arrested in Blount County. He said that he agreed to pay forty dollars per month toward his costs and fines beginning on February 5, 2000, but that he could not make that payment because he was arrested on that day. He stated that if he were released, he could catch up on the missed payments. He said that he had not performed any community service work because his probation officer told him that there was no hurry and that she would have to find something that involved light work because of his disability. He said that he did not remember why he had failed to report to his probation officer in December 1999. The trial court revoked his probation and ordered service of the original sentence.

The defendant contends that the trial court should have imposed an alternative sentence rather than incarceration after it revoked his probation. Although he maintains that the evidence presented at the hearing did not support the trial court's finding that he failed to pay fines and costs, he

concedes that he violated his probation by failing a drug test, getting arrested, failing to report his arrests, and failing to report to his probation officer in December 1999. He contends that in ordering service of his original sentence, the trial court ignored several positive factors such as his success in the methadone program, the fact that he maintained part-time employment, and the absence of any evidence that his subsequent arrests involved drugs. He argues that the trial court has violated the legislature's mandate to keep offenders with rehabilitative potential out of Tennessee prisons. The state contends that the trial court was not required to reconsider sentencing principles before ordering service of the original sentence.

The decision to revoke probation is within the discretion of the trial court. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). Upon revoking probation, the trial court has the discretion to order the original sentence to be served. See Tenn. Code Ann. § 40-35-310, -311(d). An abuse of discretion may be found only if the record contains no substantial evidence to support the conclusion of the trial court. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Once the trial court determines that the defendant has violated probation, "it is not required at this stage to reconsider the principles of sentencing" before ordering service of the original sentence. State v. Troy McLemore, No. 03C01-9709-CC-00406, Blount County, slip op. 4-5 (Tenn. Crim. App. July 28, 1998). The defendant has failed to demonstrate that the trial court abused its discretion by ordering him to serve his original sentence. The defendant's inability to abide by the terms of his probation, including his repeated drug use, supports the trial court's decision.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court revoking probation and ordering service of the original sentence.

_____
JOSEPH M. TIPTON, JUDGE