# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 14, 2002

## STATE OF TENNESSEE v. JAMES RAY BARTLETT

**Circuit Court for Lincoln County**
**No. S0100037**

---

**No. M2001-02419-CCA-R3-CD - Filed September 20, 2002**

---

### ORDER

Defendant appeals the circuit court judgments denying him probation on two misdemeanor counts of passing worthless checks. We affirm pursuant to Rule 20, Rules of the Court of Criminal Appeals.

On June 18, 2001, the defendant pled guilty in Lincoln County General Sessions Court to two misdemeanor charges of passing worthless checks. *See* Tenn. Code Ann. § 39-14-121. The general sessions judge sentenced him to sentences of eleven months and twenty-nine days, with all suspended except for nine months in the county jail.[1] The defendant appealed his sentences to the circuit court, which conducted a sentencing hearing. The circuit court sentenced him to two concurrent sentences of eleven months and twenty-nine days to be served in the county jail. The sole issue in this appeal is whether the trial court erred by denying probation.

The proof from the sentencing hearing reflects the defendant has an extensive prior criminal record which includes misdemeanor convictions and numerous felony convictions, such as grand larceny, aggravated burglary, multiple burglaries, aggravated assault, and multiple felony thefts. He committed some of these offenses while he was on probation and/or parole.

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). The trial court may also consider whether measures less restrictive than confinement have been unsuccessful. *See* Tenn. Code Ann. § 40-35-103(1)(C). Given the proof presented to the trial court regarding the defendant's extensive prior criminal history and the crimes he has committed

---

[1] The defendant testified he received consecutive sentencing in the general sessions court; however, the judgments of that court are silent as to concurrent/consecutive sentencing for the two counts. That issue is moot in view of the *de novo* appeal to circuit court.

while on probation and/or parole, we cannot conclude the trial court abused its discretion in denying probation to the defendant.

Accordingly, it is ORDERED that the judgment of the trial court be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals. Costs are taxed to the state since the defendant is indigent.

 

 

**JOE G. RILEY, JUDGE**

 

**DAVID G. HAYES, JUDGE**

 

**NORMA MCGEE OGLE, JUDGE**