IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2003

## STATE OF TENNESSEE v. TERESA GAIL PRESSON

**Appeal from the Circuit Court for Dickson County**
**No. CR3686     Robert E. Burch, Judge**

_____

**No. M2002-03090-CCA-R3-CD - Filed November 20, 2003**

_____

The defendant, Teresa Gail Presson, appeals from the Dickson County Circuit Court's order revoking her probation that she received upon her guilty plea to theft of property valued more than $10,000 but less than $60,000. The defendant contends that although she violated her probation, the trial court erred by ordering her to serve the remainder of her sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

William B. Lockert, III, District Public Defender; Chris L. Young, Assistant District Public Defender (on appeal); and Mitchell B. Dugan, Dickson, Tennessee (at trial), for the appellant, Teresa Gail Presson.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Kim G. Menke, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reflects that on January 1, 1998, the defendant pled guilty to theft of property valued more than $10,000 but less than $60,000, a Class C felony. The trial court sentenced her to five years in the Department of Correction to be served on supervised probation and ordered that she pay $22,021.84 in restitution. Subsequently, the defendant's probation supervisor filed a probation violation warrant, alleging that the defendant had violated her probation by failing to meet with the supervisor and failing to pay her restitution.

At the revocation hearing, Catherine Stringfield, the defendant's probation supervisor, testified that she began supervising the defendant in July 2001. She said she filed a probation

violation warrant against the defendant because the defendant had missed ten appointments with her from December 2001 to August 2002. She said the defendant's excuse for missing the appointments was that the defendant had to work two jobs. She said that sometimes the defendant telephoned and rescheduled the missed appointments but that the defendant also missed some of the rescheduled appointments. She said that the defendant also had failed to pay her restitution and that the defendant claimed she could not afford to pay the restitution because the defendant was no longer married and "just making ends meet." On cross-examination, Ms. Stringfield testified that the defendant's probation contract had ten rules and that the defendant had violated only two of them. She acknowledged that the defendant had two children and that the defendant told her the defendant has hepatitis C. She said the defendant had paid $9,477 toward restitution but that the defendant still owed over $10,000 and had not made any restitution payments since March 4, 2002.

The defendant testified that she had hepatitis C and missed appointments with Ms. Stringfield in March and April 2002 because she was in the hospital. She said she missed appointments in August 2002 because of car trouble. She said she telephoned and rescheduled some of the appointments but that her car broke down again as she was driving to some of them. She said that she and her husband separated in December 2001 and that "everything went downhill from then." She said that she had to work two jobs in order to support her two children, that she currently worked at Thunder Alley and made about $480 every two weeks, and that she could no longer afford to make her restitution payments. She said that she had been approved for food stamps and public housing recently and that she was supposed to start nursing school in April 2003. She said that she would receive a $4,000 or $5,000 income tax refund, that she would pay it toward her restitution, and that she never meant to violate her probation. Upon being questioned by the trial court, the defendant acknowledged that the court had warned her at the guilty plea hearing about missing appointments with her probation supervisor.

Given the change in the defendant's financial situation, the trial court chose not to hold the defendant in violation of her probation for failing to make restitution payments. However, the trial court ruled that the defendant had violated the terms of her probation by failing to report to her probation supervisor. The trial court noted that it had told the defendant at her guilty plea hearing never to miss appointments with her supervisor. It determined that the defendant had missed appointments and that the defendant sometimes had chosen to go to work instead of keeping the appointments. The trial court revoked the defendant's probation and ordered that she serve the remainder of her sentence in confinement.

Although the defendant admits that she violated her probation, she contends that the trial court's disposition of the case was improper. She argues that given her personal circumstances, a less harsh punishment such as split confinement would have been appropriate. The state contends that the trial court did not abuse its discretion by ordering that the defendant serve her sentence in confinement. We agree with the state.

The decision to revoke probation is within the discretion of the trial court. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). Upon revoking probation, the trial court has the discretion to

order the original sentence to be served.  <u>See</u> T.C.A. § 40-35-310, -311(d).  An abuse of discretion may be found only if the record contains no substantial evidence to support the conclusion of the trial court.  <u>See</u> <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991).

The defendant admitted missing appointments with her probation supervisor and missing some of the appointments that she had rescheduled.  She also acknowledged that the trial court had warned her at her guilty plea hearing not to miss the appointments.  The record reflects that the defendant repeatedly failed to comply with the reasonable requirements of her probation.  We conclude that the trial court had a material basis for requiring her to serve the remainder of her sentence in confinement.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE