IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

SEPTEMBER 1997 SESSION

FILED

December 3, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9611-CC-00460 |
| Appellee, | * | ROBERTSON COUNTY |
| VS. | * | Hon. Robert W. Wedemeyer, Judge |
| JOSEPH PATTERSON, | * | (Forgery) |
| Appellant. | * | |

For Appellant:

Michael R. Jones
Public Defender
Nineteenth District
110 Sixth Avenue, West
Springfield, TN  37172

For Appellee:

Charles W. Burson
Attorney General and Reporter

Daryl J. Brand
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Dent Morriss
Assistant District Attorney General
500 South Main Street
Springfield, TN  37172

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

<u>OPINION</u>

The defendant, Joseph Patterson, entered pleas of guilt to three counts of passing a forged instrument. The trial court imposed Range III, four-year sentences on each count, all of which are to be served concurrently in the Department of Correction. At the time of sentencing, the defendant had approximately eight months in jail credits.

In this appeal of right, the defendant complains that he should have been granted an alternative sentence.

On September 25 and 26 of 1995, the defendant passed three forged checks in the amounts of $35.00, $75.00, and $150.00. Although not written by the defendant, the defendant cashed the checks and used the money to purchase crack cocaine.

The defendant, thirty-six years of age, was homeless at the time of the sentencing hearing. He has one child, five years old at that time, who lives with her grandmother. The defendant acknowledged that he was an alcoholic and that he was addicted to cocaine. The defendant has a sporadic work record. He is a farm worker during the summer months and occasionally does odd jobs such as mowing or raking yards. He takes medication for an illness and has received some disability payments. The defendant was diagnosed HIV-positive in 1990.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a <u>de novo</u> review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). The presumption is "conditioned upon the affirmative showing

2

in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and circumstances of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation or any other alternative sentence are the circumstances of the offense, the defendant's prior criminal record, social history, present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a). Because the defendant is a Range III offender, he is not presumed to be a favorable candidate for alternative sentencing options. Tenn. Code Ann. § 40-35-102(6).

3

The trial court found two mitigating factors. It ruled that the defendant played a minor role in the offense and that his conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113(1) and (4). Thus, the trial court imposed the minimum sentence possible for a Range III offender. Tenn. Code Ann. § 40-35-112(c)(5). Service of forty-five percent is required by a Range III offender. Tenn. Code Ann. § 40-35-501(e).

Only five months before this offense, the defendant received a sentence which included a four-year term of probation. A sentencing consideration is whether measures that did not include confinement had "recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C). The defendant has a prior criminal record which began as early as 1987 and which includes convictions for burglary (two counts), attempted burglary, grand larceny, and a sale of cocaine. The forgeries were committed while the defendant was on probation for the most recent burglary conviction. All of that, in our view, suggests a lack of amenability for rehabilitation. For these reasons, the trial court had a reasonable basis for the denial of an alternative sentence. The sentence of confinement is appropriate under these circumstances.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

4

CONCUR:


_____
Thomas T. Woodall, Judge


_____
Curwood Witt, Judge