# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 21, 2000 Session

## STATE OF TENNESSEE v. HOMER L. EVANS

**Appeal from the Criminal Court for Campbell County**
**No. 9977     Shayne Sexton, Judge**

_____

**No. E2000-00069-CCA-R3-CD**
**March 20, 2001**
_____

The defendant appeals from the trial court's denial of alternative sentencing.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOE G. RILEY, J., joined.

Vic Pryor and Kathy Parrott, Jacksboro, Tennessee, for the appellant, Homer L. Evans.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael Olin Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Homer L. Evans, appeals as of right from the trial court's denial of alternative sentencing.  The defendant pled guilty to two counts of sexual battery, Class E felonies, and agreed to consecutive, four-year sentences as a Range II offender.  At the conclusion of the sentencing hearing, the trial court denied the defendant a sentence alternative to incarceration.  The defendant argues that (1) the trial court erroneously found that he was not entitled to the statutory presumption of being a favorable candidate for alternative sentencing, (2) the trial court should have granted him an alternative sentence because he has no previous criminal history and is a cooperative, willing candidate for rehabilitation, and (3) the trial court erroneously denied an alternative sentence based solely upon his failure to acknowledge guilt at the sentencing hearing.

The presentence report reveals the eleven-year-old victim's version of the offenses:  On September 18, 1998, while she was at the defendant's house staying with the defendant's daughter, the defendant fondled and kissed her breasts and genitals.  The next morning when she was in the bathroom, the defendant came into the room and fondled her genitals.

At the sentencing hearing, the defendant testified that he had been living in California since the charges for the present offenses were brought against him, although he returned one weekend per month to visit his children. He stated that the sex offender presentence evaluation performed by Mr. Tillery, a licensed clinical social worker, contained several inaccuracies. First, the report stated that the defendant's wife said that the defendant had been charged with sexually assaulting his second wife in Oklahoma and had been banned from the state. The defendant denied committing an assault and being banned from Oklahoma. Second, the report indicated that the defendant strongly agreed with the statement that putting a man's name in the paper for fondling a child is as harmful to him as the fondling was to the child. The defendant stated that he did not agree with this statement and that there were questions during the testing that he did not fully understand. Third, the report stated that the defendant did not answer numerous questions about child molesters' behavior. The defendant testified that he did not fully understand the questions or did not feel qualified to answer the questions. Fourth, the report stated that the defendant's wife said that the defendant had an excessive sex drive. The defendant stated that he did toward his wife but not toward other women. Finally, the report stated that the defendant was not remorseful for his actions. The defendant testified that he was remorseful.

The defendant further testified that if granted probation, he would comply with its terms, including attending counseling and paying restitution to the victim. He said that he would move back to Tennessee and that he could obtain employment.

On cross-examination, the defendant said that he could not testify to the kind of impact the incident had on the victim but that he was devastated by it. When asked what he did to the victim, the defendant responded that he possibly could have touched her breasts while playing. The defendant denied touching her genitals and denied any wrongdoing. The defendant stated that he was sorry for what happened, but when asked for what he was sorry, the defendant responded that he did not know and that he had been in a bad state of mind from worrying about the incident, his marriage, and his children. When asked about the victim, the defendant said that he was sorry for what happened to her and for whatever she was going through because if "it is anything compared to what I have been through, then it has got to be terrible." The defendant testified that he accepted responsibility for the offenses, but when asked for what he felt responsible, he said that he did not know and that he could have touched the victim and not known it. The defendant said that he could not determine whether he or the victim had been through worse times as a result of the offenses. The defendant stated that he had seen a divorce counselor but that he had not sought counseling in relation to the sexual offenses.

Jerry Gray testified that he was a neighbor of the defendant for five years and that his daughter was friends with the defendant's daughter. He said that the defendant appeared to be a good father and that he would not hesitate to allow his children to be around the defendant.

Cathy Cureton, the defendant's sister, testified that the defendant cared about his children and the children whom he coached in basketball and T-ball. She said that she would not hesitate to allow her children to be around the defendant.

Yvonne Tidwell, the probation officer who prepared the defendant's presentence report, testified that she had reviewed the sex offender evaluation performed by Mr. Tillery, including his recommendations for supervision in the event that the defendant received an alternative sentence. She said that the amount of supervision recommended by Mr. Tillery exceeded the maximum level of probation supervision that her office could provide. She stated that Community Corrections may be able to provide such a level of supervision. She stated that, based upon Mr. Tillery's report, she believed that the defendant was a high risk to reoffend.

The trial court found that the defendant was not entitled to the presumption that he was a favorable candidate for alternative sentencing because the defendant, as part of his plea bargain, agreed to be sentenced as a Range II offender. In denying probation, the trial court emphasized that Ms. Tidwell and Mr. Tillery considered the defendant to be a high risk to reoffend. The trial court also stated that it was concerned that the defendant's statements related to his own self-interests, as opposed to concern for the victim. Finally, the trial court denied a Community Corrections sentence because the offense was committed against a person.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

## I. PRESUMPTION FAVORING ALTERNATIVE SENTENCE

The defendant contends that the trial court erred in finding that he was not entitled to the statutory presumption of being a favorable candidate for alternative sentencing. To be eligible for this statutory presumption, the defendant must be convicted of a class C, D, or E felony and must be an especially mitigated or standard offender. Tenn. Code Ann. § 40-35-102(6). Also, the defendant must not fall within the parameters of Tenn. Code Ann. § 40-35-102(5), which states that incarceration is a first priority for "felons committing the most severe offenses, possessing the criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation."

The defendant was charged with two counts of aggravated sexual battery, which are Class B felonies and offenses for which the defendant was not eligible for probation. See Tenn. Code Ann. § 40-35-303(a). The defendant pled guilty to two counts of sexual battery, Class E felonies. The sentencing ranges for a Class E felony are one to two years for a Range I sentence and two to four years for a Range II sentence. Tenn. Code Ann. § 40-35-112(a)(5), (b)(5). As part of his plea, the defendant agreed to consecutive, four-year sentences as a Range II offender for an effective sentence of eight years. The defendant contends that he agreed only to Range II sentencing and that he did

-3-

not waive the statutory presumption of being a favorable candidate for alternative sentencing. Despite acknowledging that he waived any objection to being sentenced as a Range II offender, he asserts that he is still a first offender with no prior criminal history and not a multiple offender, the classification which corresponds to a Range II sentence. See Tenn. Code Ann. § 40-35-106(c). Multiple offenders are not presumed favorable candidates for alternative sentencing. Tenn. Code. Ann. 40-35-102(6).

A similar argument was made by the defendant in State v. Roger Lee Fleenor, 03C01-9611-CR-00400, Sullivan County (Tenn. Crim. App. Oct. 9, 1997). In that case, the defendant was charged with aggravated sexual battery but pled guilty to attempted aggravated sexual battery, a Class C felony, making him eligible for probation. The defendant had no prior criminal convictions but agreed to be sentenced as a Range II offender. The defendant argued that he was still entitled to the statutory presumption that he was a favorable candidate for alternative sentencing because he was, in fact, a standard offender convicted of a Class C felony. This court rejected the argument, stating that once the defendant pled guilty agreeing to be classified as a Range II offender, he became one for all purposes, including alternative sentencing. Id. at 6.

We agree with the Fleenor court. In this case, the defendant pled guilty and agreed to be sentenced as a Range II offender. Although "Range II" is a sentencing range, see Tenn. Code Ann. § 30-45-112, not an offender classification, the multiple offender classification is the only classification that receives a sentence within Range II. See Tenn. Code Ann. § 40-35-106(c). Therefore, by agreeing to be sentenced as a Range II offender, the defendant agreed to classification as a multiple offender for all purposes, including alternative sentencing. Thus, he is not entitled to the presumption of being a favorable candidate for alternative sentencing.

## II. DENIAL OF ALTERNATIVE SENTENCE

The defendant contends that the trial court erred in denying an alternative sentence. He argues that the record supports an alternative sentence in that he has no previous criminal history and is a cooperative, willing candidate for rehabilitation. He also argues that the trial court erroneously denied an alternative sentence based solely upon his failure to admit guilt at the sentencing hearing. The state contends that the trial court properly denied alternative sentencing. We agree.

Initially, we note that the defendant was not eligible for a Community Corrections sentence. The defendant was convicted for sexual battery, a crime against the person, see Tenn. Code Ann. § 40-36-106(a)(2), and the record does not reveal the defendant to be eligible under the special needs eligibility provision, see Tenn. Code Ann. § 40-36-106(c). Therefore, the only remaining issue is whether the trial court properly denied the defendant probation.

A defendant is eligible for probation when the sentence imposed is eight years or less. See Tenn. Code Ann. § 40-35-303(a). While the trial court must consider probation for eligible defendants, the burden of establishing suitability for probation rests with the defendant. Tenn. Code Ann. § 40-35-303(b). "Among the factors applicable to probation consideration are the

circumstances of the offense; the defendant's criminal record, social history, and present condition; the deterrent effect upon the defendant; and the best interests of the defendant and the public." State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). Also, a defendant's rehabilitation potential and the risk of repeating criminal conduct are fundamental in determining whether probation is appropriate. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); see Tenn. Code Ann. § 40-35-103(5).

The trial court weighed heavily the fact that the defendant was considered a high risk to reoffend, a fundamental consideration in determining whether to grant or deny probation. Moreover, exposing the public to a defendant who is a high risk to reoffend would not be in its best interests, and granting probation to such a defendant is unlikely to deter him.

The trial court was also concerned that the defendant was worried about the troubles his criminal conduct had caused him, instead of the victim. Although the trial court did not state how this concern weighed into its decision, we believe it shows that the defendant had not accepted responsibility for his criminal conduct, reflecting poorly upon his potential for rehabilitation, see State v. Zeolia, 928 S.W.2d , 457, 463 (Tenn. Crim. App. 1996). In any event, the defendant's poor rehabilitation potential is revealed from other evidence. The sex offender evaluation stated that the defendant did not accept responsibility for his actions. Furthermore, when asked about the offenses at the sentencing hearing, the defendant denied any wrongdoing, and when asked for what he felt responsible, he stated that he did not know and offered an explanation that he possibly could have touched the victim's breast while playing. We conclude that the trial court did not err in finding that the defendant failed to carry his burden in establishing his suitability for probation.

Lastly, the defendant contends that the trial court denied probation solely upon the fact that the defendant did not acknowledge guilt at the sentencing hearing. The defendant argues that it was unfair to rely upon his unwillingness to acknowledge guilt because he entered, and the court accepted, a best interest plea, which by definition does not acknowledge guilt. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970). This issue is without merit. The trial court was primarily concerned with the fact that the defendant was considered a high risk to reoffend, not with whether the defendant acknowledged guilt at the sentencing hearing. Moreover, even when a defendant enters an Alford plea, the court is not prohibited from considering the defendant's failure to accept responsibility for his criminal conduct as it relates to his rehabilitation potential. See State v. Andrew H. Leone, No. 02C01-9206-CR-00148, Shelby County, slip op. at 7 (Tenn. Crim. App. Sept. 29, 1993).

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE