# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 20, 2004

## STATE OF TENNESSEE v. BRANDON SHAWN JONES

**Direct Appeal from the Criminal Court for Knox County**
No. 74736     Richard R. Baumgartner, Judge

_____

**No. E2003-02050-CCA-R3-CD**
**May 13, 2004**
_____

The defendant, Brandon Shawn Jones, pled guilty to burglary of a motor vehicle and possession of burglary tools. The Knox County Criminal Court ordered the defendant to serve an effective two-year sentence with 120 days in confinement followed by probation. The defendant appeals the denial of total probation. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

Robert W. White, Maryville, Tennessee, for the appellant, Brandon Shawn Jones.

Paul G. Summers, Attorney General and Reporter; Michelle R. Chapman, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Paula R. Ham, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  ABSENCE OF GUILTY PLEA TRANSCRIPT

The facts and circumstances of the offense were important to the trial court's sentencing determinations; however, the transcript of the guilty plea proceeding is absent from the record. Since we deem the guilty plea proceeding material to the determination of the issue presented, our proper course of action ordinarily is to *sua sponte* presume the trial court's decision is correct. State v. Keen, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); *see also* State v. Coolidge, 915 S.W.2d 820, 826-27 (Tenn. Crim. App. 1995) (specifically stating that the absence of a portion of the record relating to sentencing requires the court to presume the sentence is correct). By failing to produce an adequate record, a defendant generally waives any claim that the conclusions of the trial court are incorrect. *See* State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). However, because the

available record amply supports the sentencing decision of the trial court, we will address the merits of the issue raised by the defendant.

## II.  SENTENCING HEARING

The defendant's presentence report was admitted into evidence during the sentencing hearing. The presentence report reflects the defendant has two convictions for simple assault and one conviction each for casual exchange of a controlled substance, simple possession of marijuana, and possession of burglary tools.  The defendant was convicted on all of these offense after he had been arrested for the present offenses but prior to sentencing.  The assault offenses were committed prior to his arrest for the present offenses, while the remaining offenses were committed following his arrest for the present offenses.

## III. STANDARD OF REVIEW

An appellate court's review of a challenged sentence is *de novo* on the record with a presumption the trial court's determinations are correct.  Tenn. Code Ann. § 40-35-401(d).  The Sentencing Commission Comments to this section of the statute indicate the defendant bears the burden of establishing the sentence is improper.  When the trial court follows the statutory sentencing procedure and gives due consideration and proper weight to the factors and principles relevant to sentencing, this court may not disturb the sentence.  State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

## IV.  TOTAL PROBATION

The defendant contends the trial court erred in denying total probation.  A defendant is eligible for probation if the sentence received by the defendant is eight years or less, subject to some statutory exclusions. Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary.  *Id.* § 40-35-102(6).  However, although a defendant may be presumed to be a favorable candidate for alternative sentencing, the defendant has the burden of establishing suitability for total probation.  *Id.* § 40-35-303(b); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996).  In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public.  State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

Upon examining the record, we conclude the defendant has not met his burden of establishing his entitlement to total probation.  When the defendant was arrested for the present offenses, he had two pending assault charges for which he was convicted prior to sentencing in the present case. Following his arrest, the defendant continued to commit criminal offenses, including another offense for possession of burglary tools.  The defendant's continued criminal activity negatively reflects

upon his potential for rehabilitation. Furthermore, because the defendant was convicted of these other five offenses prior to the sentencing hearing for the instant offenses, they may be considered for purposes of sentencing. *See* State v. Jordan, 116 S.W.3d 8, 24 (Tenn. Crim. App. 2003) (defining previous criminal convictions for enhancement purposes). The defendant's prior criminal convictions alone are sufficient to justify the denial of total probation.

We conclude the trial court did not err in requiring the defendant to serve 120 days of incarceration as part of his two-year sentence. This issue is patently without merit.

Accordingly, we affirm the sentencing determinations of the trial court.

_____
JOE G. RILEY, JUDGE