IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 3, 2006

## STATE OF TENNESSEE v. TULINAGUE THANDIWE

**Appeal from the Criminal Court for Shelby County**
**No. 05-04602      Chris Craft, Judge**

---

**No. W2005-02087-CCA-R3-CD  - Filed December 18, 2006**

---

The Appellant, Tulinague Thandiwe,[1] proceeding *pro se*, appeals the sentencing decision of the Shelby County Criminal Court which resulted in the imposition of an eight-year sentence of incarceration.  On appeal, Thandiwe challenges the trial court's denial of alternative sentencing. After review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ.,  joined.

Tulinague Thandiwe, *Pro Se*, Tiptonville, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Michelle Parks, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

In July, 2005, a Shelby County grand jury returned a four-count indictment against the Appellant charging him in count one with sale of cocaine, in count two with possession of cocaine with intent to sell, in count three with possession of cocaine with intent to deliver, and in count four with simple possession of marijuana.  Under the terms of a plea agreement, the Appellant pled guilty to count 1, and the State entered an order of nolle prosequi for the remaining counts.   The plea agreement provided that the Appellant would plead guilty to sale of cocaine, a Class C felony, and

---

[1]At the sentencing hearing, the Appellant testified that his birth name was Emmanuel Mitchell.  However, in 1992, while an inmate in the Tennessee Department of Correction in Morgan County, he legally changed his name to Tulinague Zarkia Thandiwe, thus, the spelling of his name in the indictment is incorrect.

receive a sentence of eight years, with the manner of service of the sentence to be determined by the trial court. The plea agreement further provided that the Appellant would be sentenced as a Range II multiple offender, notwithstanding his prior felony convictions which qualified him for sentencing as a Range III persistent offender.

The facts, as stipulated at the guilty plea hearing, established that on April 6, 2005, undercover officers were conducting a "buy/bust operation in the area of Jackson and Dunlap [Streets] in Shelby County and were utilizing Detective Jones as a decoy." The Appellant sold Detective Jones a white rock-like substance for ten dollars, which was paid for with a marked bill. The substance tested positive for crack cocaine and weighed .5 grams. The pre-sentence report also establishes that, when arrested, the Appellant was in possession of 2.5 grams of marijuana.

Following a sentencing hearing, the trial court denied the Appellant's request for probation or alternative sentencing. This appeal follows.

**Analysis**

When an accused challenges the length, range, or manner of the service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The court must consider the evidence received at the trial and sentencing hearing, the pre-sentence report, the principles of sentencing, arguments of counsel, the nature and characteristics of the offense, mitigating and enhancing factors, statements made by the offender, and the potential for rehabilitation. *Ashby*, 823 S.W.2d at 168; *see also* T.C.A. § 40-35-210 (2003). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d), Sentencing Commission Comments.

A defendant convicted of a Class C, D, or E felony and sentenced as an especially mitigated or standard offender is "presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2003).[2] Because the Appellant pled guilty to a Class C felony, as a Range II offender, he is not entitled to the presumption in favor of alternative sentencing. In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Greer*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). Our Sentencing Act provides that a sentence of confinement should be based upon one or more of the following considerations:

---

[2]We note that on June 7, 2005, the General Assembly amended Tennessee Code Annotated sections 40-35-102(6), -210, and -401. *See* Tenn. Pub. Acts ch. 353, §§ 1, 6, 8. However, the amended code sections are inapplicable to the Appellant's appeal because the offense for which he was convicted occurred before June 7, 2005.

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C) (2003).

The Appellant contends that he should have received an alternative sentence because "I was not a threat to society. I have done several positive career things in my life." In support of this contention, he asserts that during his pre-trial detention, he completed the AA program and anger management program. He submitted a letter of recommendation from his jail supervisor in the kitchen regarding his good work habits. The Appellant states that he has reconciled with his father, who is a preacher and has overcome his own addiction to drugs, and who has agreed to supervise the Appellant's recovery.

The proof at the sentencing hearing established that the Appellant is thirty-six years old and grew up in Michigan. In 1987, approximately two years after he moved to Memphis, when he was eighteen years old, he was convicted of three counts of armed robbery and sentenced to fifteen years imprisonment. He earned his GED while at Riverbend Maximum Security Institution. He was released after serving ten years, but he has accumulated twelve convictions over the last seven years. In addition to his armed robbery convictions, he has felony convictions for theft, forgery, and identity theft. His misdemeanor convictions included convictions for multiple thefts, assault, and resisting arrest. In 2004, he was convicted of misdemeanor vandalism and placed on probation, which was revoked when he was charged with the instant offense. The Appellant's employment history is virtually non-existent.

The trial court considered the Appellant's request for a suspended sentence and found:

> Looking at his record, he just has a horrible criminal record. It just doesn't seem that he wants to work for a living.
> I've got his employment information here is that he worked as a janitor for a year before being arrested. Apparently he was selling drugs while he was working as a janitor and that he worked for the Thandiwe Accessory Shop, which I presume is his own business. It says owner.
> . . . .
> But I do find that he just will not stop stealing, forging, burglarizing. He just won't stop.
> Under the circumstances of this case, he's now turned to selling drugs and will not work for a living.

So under that, and given the fact that he does not have the presumption of an alternative sentence, he's one of these people that I find cannot be rehabilitated.

He is a confirmed criminal and I cannot give him any more chances than he's already had. So I'm going to have to deny him.

We conclude that the trial court properly denied the Appellant's request for a non-incarcerative sentence. Contrary to the Appellant's argument on appeal, the trial court's ruling demonstrates that it considered the appropriate factors, including the circumstances of the offense, the defendant's criminal record, the Appellant's social history and present condition, and the best interest of the Appellant and the public. *See Boyd*, 925 S.W.2d at 244. Moreover, the record supports the finding that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct." *See* T.C.A. § 40-35-103(1)(A). Additionally, the Appellant's testimony that he was selling drugs while on probation indicates that "[m]easures less restrictive than confinement have . . . been applied unsuccessfully to the defendant." *See* T.C.A. § 40-35-103(1)(C). Because the Appellant was convicted as a multiple offender, it is his burden to establish that his sentence of eight years in confinement is improper and that he is suitable for probation or alternative sentencing. After review, we conclude that the Appellant has failed to carry this burden.

## CONCLUSION

Based upon the foregoing, we affirm the Shelby County Criminal Court's imposition of an effective eight-year sentence of incarceration.

_____
DAVID G. HAYES, JUDGE