# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 17, 2014

## STATE OF TENNESSEE v. DEAUNDRA BROOKS

**Appeal from the Circuit Court for Rutherford County**
**No. F69793     David M. Bragg, Judge**

---

**No. M2013-02670-CCA-R3-CD - Filed June 20, 2014**

---

Appellant, Deaundra Brooks, entered guilty pleas to two counts of robbery and received the agreed-upon sentence of five years on each count. The parties requested a sentencing hearing for determination of sentence alignment and alternative sentencing. Following the hearing, the trial court aligned the sentences concurrently but denied alternative sentencing and ordered appellant to serve the sentences in the Tennessee Department of Correction. Appellant now appeals the denial of alternative sentencing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Gerald L. Melton, District Public Defender; and Russell N. Perkins, Assistant District Public Defender, Murfreesboro, Tennessee, for the appellant, Deaundra Brooks.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts from Guilty Plea Submission Hearing

With regard to the first count, the State set forth that had the matter gone to trial, the evidence would have established that on March 1, 2013, the victim, Farhad Salman Ali, answered an advertisement on Craigslist to purchase a cellular telephone. When he arrived at the predetermined location to meet the purported seller, appellant wielded a handgun and

demanded the victim's telephone and money. Appellant was subsequently charged with aggravated robbery and theft of property valued less than $500. The second offense involving victim Lying Bun occurred in a similar manner on the following day. The plea agreement provided for a reduction of the aggravated robbery charges to robbery and sentences of five years for each offense. The parties submitted the issues of alternative sentencing and sentence alignment to the trial court for determination at a separate sentencing hearing.

## II. Facts from Sentencing Hearing

At the hearing, the State relied upon the presentence report, which was admitted as an exhibit. Appellant testified on his own behalf and stated that the gun that he utilized during the robberies was, in fact, a BB gun but that the gun resembled an actual pistol. He said that he placed the advertisements on Craigslist because he actually had telephones for sale but that he had been taking Xanax at the times the victims called and "wasn't in [his] right mind." He testified that his criminal history consisted of one misdemeanor conviction for attempted forgery and one misdemeanor charge for domestic assault that had been placed on the inactive docket for 120 days, or "retired," in February 2013 but that he had no felony convictions. Appellant stated that he was, at the time of the sentencing hearing, employed by an automobile detail shop and that he resided with his mother. Despite his alleged use of Xanax at the time of the offenses, he denied having a problem with drugs and admitted that he consumed alcohol on the weekends. He further maintained that he was "in the process" of obtaining his GED. Appellant explained that he had one child, a daughter, and that he was expecting a baby. He stated that he wanted to work and care for his children.

On cross-examination, appellant admitted that he had been subject to a probation revocation earlier that year because of a positive drug screen for cocaine. He said that he tested positive for cocaine because he "touched it, and it got in [his] pores." He claimed that he had touched a dollar bill that had cocaine on it. He also alluded to a previous violation of probation based on a positive drug screen for marijuana. However, he claimed that the last time he used drugs was in June 2013. Appellant also acknowledged that he was on misdemeanor probation when he committed the instant offenses. Appellant agreed that in his statement to law enforcement officers, he said that he committed the offenses "to get money because [he] was broke" but that at the hearing, he added that he was also taking narcotics. Appellant acknowledged that he had been adjudicated to be delinquent in juvenile court for conspiracy to commit robbery and for theft of property valued less than $500. He also clarified that his daughter had previously resided out of state but that she currently lived with him and his mother.

Although appellant received the agreed-upon sentences per the plea agreement, the trial court nonetheless addressed enhancement factors and found that appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range, that he committed the offenses while he was released into the community under the supervision of a state or government authority, and that he had been adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114(1), (13)(G), (16). With regard to sentence alignment, the trial court found that appellant was on probation at the time he committed the offenses. *Id.* § 40-35-115(b)(6).

In denying an alternative sentence, the trial court concluded that it did not reasonably appear that appellant would abide by the terms of release into the community and that the interest of society needed to be protected from future criminal conduct by appellant. It also determined that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to appellant. Accordingly, the trial court ordered appellant to serve his five-year sentences but ordered them to be aligned concurrently with each other.

III. Analysis

Appellant presents one issue for our review: whether the trial court erred in denying alternative sentencing.

A. Standard of Review

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -114, -210(b). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to "the questions related to probation or any

other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

### B. Trial Court's Consideration of Inapplicable Enhancing Factors

Appellant argues that the trial court erred in applying the enhancing factor that he had been adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. Tenn. Code Ann. § 40-35-114(16). He also contests the trial court's reliance on Tennessee Code Annotated section 40-35-114(1), that appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. We emphasize that the factors found in Tennessee Code Annotated section 40-35-114 are germane to a trial court's determination of whether to *enhance*, or make greater, a defendant's sentence. Because the length of appellant's sentences were fixed by the plea agreement, appellant's argument in this regard is futile.

### C. Denial of Alternative Sentencing

When reviewing the denial of alternative sentencing, we begin with the proposition that a defendant is eligible for alternative sentencing if the sentence actually imposed is ten years or less. *See* Tenn. Code Ann. § 40-35-303(a). An especially mitigated or standard offender convicted of a Class C, D, or E felony is considered to be a favorable candidate for alternative sentencing in absence of evidence to the contrary. *See* Tenn. Code Ann. § 40-35-102(6). "A court shall consider, but is not bound by, this advisory sentencing guideline." *Id*. The trial court must automatically consider probation as an alternative sentence for eligible defendants, but the defendant bears "the burden of establishing suitability for probation." Tenn. Code Ann. § 40-35-303(b). This burden includes demonstrating that probation will "'subserve the ends of justice and the best interest of both the public and the defendant.'" *Carter*, 254 S.W.3d at 347 (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)). In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A trial

court should base its decision regarding any sentence involving confinement on the following considerations:

(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1). Furthermore, the trial court should examine the defendant's potential for rehabilitation or lack thereof when determining whether an alternative sentence is appropriate. *Id*. § 40-35-103(5).

In denying alternative sentencing, the trial court considered the presentence report, appellant's physical and mental condition, his social history, the facts and circumstances surrounding the offenses, the nature and circumstances of the criminal conduct involved, appellant's prior criminal history, and his potential for rehabilitation, including the risk that during the period of probation appellant would commit another crime. Specifically, the court concluded:

It would have to be disturbing to the Court that shortly after - while you're on probation on one offense, . . . and shortly after you go to court and get another charge retired, you're out using Xanax to the extent that you don't know what you're doing.

I'm sorry about the Xanax story. I find it difficult to believe. Because at some point you place an ad on [Craigslist] and lure these people out to come see you. I mean, they wouldn't have come to see you if they weren't going to - if they didn't think they were going to go buy a phone.

. . . .

Whether or not it reasonably appears that [appellant] will abide by the terms of probation. And based on your prior actions, you have not.

Whether or not the interest of society in being protected from future criminal conduct of [appellant] are great. And, apparently, even though you were on probation and waiting to find out what was going on in this case, you continued to use marijuana and Xanax without any type of prescription for the Xanax, and knowing that marijuana is an illegal substance, and its possession or use is illegal. And certainly that would be criminal conduct.

Whether or not measures less restrictive than confinement have frequently or recently been applied unsuccessfully to [appellant]. And they have. You have been placed on probation. That didn't have any impact on you. You had a case that was retired shortly before you committed the instant offenses that bring[] you here today.

Reviewing the trial court's determination for abuse of discretion, attributed with a presumption of reasonableness, we cannot conclude that the trial court abused its discretion. Appellant was on probation at the time he committed the instant offenses. During his probationary period, he used illegal drugs, including marijuana, Xanax, and arguably cocaine. He utilized what appeared to be a deadly weapon, albeit a BB gun, to rob individuals whom he surreptitiously planned to meet to allegedly conduct a sales transaction. Appellant received the benefit of having a domestic violence case retired but, days later, committed the instant offenses. Appellant previously had failed to abide by the terms of a sentence involving release into the community. We discern no abuse of discretion on these facts.

## CONCLUSION

Based on the record, the briefs of the parties, and the applicable legal authority, we affirm the judgments of the trial court.

_____
ROGER A. PAGE, JUDGE