IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 21, 2015

## STATE OF TENNESSEE v. PATRICK JAMES O'BRIEN, JR.

**Appeal from the Criminal Court for Hamblen County**
**No. 13CR524, 12CR702     John F. Dugger, Jr., Judge**

_____

**No. E2014-02248-CCA-R3-CD – Filed September 4, 2015**
_____

Patrick James O'Brien, Jr., ("the Appellant") pleaded guilty to reckless homicide and possession of a schedule II drug. Pursuant to a plea agreement, the Appellant was sentenced to concurrent, four-year sentences. The trial court denied alternative sentencing. The Appellant filed an appeal alleging that the trial court erred in denying him alternative sentencing. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Douglas L. Payne, Greeneville, Tennessee, for the Appellant, Patrick James O'Brien, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Dan Armstrong, District Attorney General; and Kim Morrison, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### Factual and Procedural Background

In case number 12CR702, the Hamblen County Grand Jury indicted the Appellant with one count of possession of a controlled substance with intent to sell or deliver and one count of possession of drug paraphernalia. In case number 13CR524, the grand jury issued a presentment for one count of second degree murder. The Appellant entered a

best interest plea to one count of reckless homicide, a Class D felony, in case number 13CR524 and one count of possession of a schedule II drug with intent to sell or deliver, a Class C felony, in case number 12CR702. The State entered a nolle prosequi for the charge of possession of drug paraphernalia in case number 12CR702.[1] Pursuant to the plea agreement, the Appellant was given concurrent, four-year sentences. Additionally, the sentences were ordered to be served consecutively to a prior sentence of probation from Jefferson County.

A summary of the facts leading to the Appellant's charges was included in the Appellant's presentence report.[2] During the evening of October 22, 2012, the Appellant and the victim, Kristie Elaine Goble, rented a motel room at the Travel Lodge Motel in Morristown, Tennessee. The Appellant had previously filled a prescription for oxymorphone and alprazolam. The Appellant apparently sold some of the drugs to the victim, because $1,892.00 in cash was found in the Appellant's front right pocket along with messages on his cell phone "consistent with the sale of drugs." At some point during the evening, the victim consumed the drugs. When the Appellant awoke the next morning, he discovered that the victim was unresponsive and called 9-1-1. The victim's actual cause of death was "due to high amounts of oxymorphone and alprazolam intoxication."

During the sentencing phase of the Appellant's hearing, the State presented a victim impact statement from the victim's mother, Ms. Janette Hancock. Ms. Hancock described how the victim's two children, who were respectively eight years old and one week old when the victim died, were affected by her death. Ms. Hancock also noted that she worked as a nurse in an intensive care unit and was "almost daily [] forced to face the care of an overdose patient . . . ," due to drug use in the county, and expressed hope that "one day all of this madness will stop."

Next, the Appellant's trial counsel noted that the trial court could sentence the Appellant to a "split confinement sentence" or "simply as a sentence to probation . . . ." The Appellant's trial counsel argued that the Appellant did not have a "long history of criminal conduct" and that the Appellant had already served 407 days in the county jail. Trial counsel stated that "[c]ourts are encouraged by statute to use alternative sentencing" and that the State had not presented evidence of any enhancing factors. Additionally,

---

[1] The State also entered a nolle prosequi for charges of possession of a schedule II substance "and a paraphernalia charge" in another of the Defendant's pending cases during the plea colloquy.

[2] Although the State did not provide a recitation of the facts during the Defendant's plea colloquy, the Appellant confirmed that the presentence report contained a fair statement of the evidence against him. See Tenn. R. Crim. P. 11(b) (3) ("Before entering judgment on a guilty plea, the court shall determine that there is a factual basis for the plea.")

trial counsel stated that the Appellant had a mitigating factor because he called 9-1-1 to obtain help for the victim.

Lastly, the Appellant made a statement of allocution where he apologized to the victim and her family and stated that he "loved [the victim] with all [his] heart and still [did] to this day." He said he grieved for her loss every day. Additionally, he asked the court to view him, not as a person to be punished, but as someone who was capable of rehabilitation and who could still be a productive member of society. The Appellant discussed his service in the United States Navy and his employment and education history. He explained that he suffered a "horrible motorcycle accident" where he "met pain addiction head on." He further stated, "I just want everyone to know that I was not a junky. I was exposed to these by trained professionals." The Appellant asked the trial court to grant him alternative sentencing because he felt he was "a strong candidate to show this public, this county, and the Court that there are people who can and do reform."

The trial court determined that there was a mitigating factor applicable to the Appellant's case because the Appellant "[made] a good faith attempt to aid the victim by calling 911." However, the trial court found two enhancement factors in the Appellant's case: the Appellant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range and the Appellant was on probation when he committed the felonies for which he was being sentenced. The trial court noted that the Appellant had a prior felony conviction for theft of merchandise in 2010 and prior misdemeanor convictions for contributing to the delinquency of a minor and assault on a minor in 2005. Additionally, the Appellant had two violations of probation pending for the sentence in Jefferson County, and the Appellant was serving that probationary sentence when he committed the instant offenses.

The trial court considered the purposes and principles of sentencing and the confinement considerations. The trial court found that the Appellant did not have a long history of criminal conduct. However, the trial court noted that "Hamblen County is the worst county in the district for prescription drugs" and found that people needed to be deterred from distributing pills. Additionally, the trial court found that measures less restrictive than confinement had frequently or recently been applied unsuccessfully to the Appellant. Accordingly, the trial court denied the Appellant's request for alternative sentencing.

## Analysis

On appeal, the Appellant argues that the trial court erred in denying alternative sentencing because "the [Appellant] is a good candidate for probation."

When the record establishes that the trial court imposed a sentence within the appropriate range that reflects a "proper application of the purposes and principles of our Sentencing Act," this court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). "A court only abuses its discretion when it 'applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" State v. Kyto Sihapanya, __ S.W.3d __, 2014 WL 2466054 at *2 (April 30, 2014) (quoting State v. Shuck, 953 S.W.2d 662, 669 (Tenn. 1997)) (alterations in the original). So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. Bise, 380 S.W.3d at 707. "[A] trial court's misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from its sentencing determination." Id. at 709. Moreover, under those circumstances, this court may not disturb the sentence even if it had preferred a different result. See State v. Carter, 254 S.W.3d 335, 346 (Tenn. 2008). In State v. Caudle, the Tennessee Supreme Court expanded its holding in Bise to trial courts' decisions regarding alternative sentencing. State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). The party appealing the sentence has the burden of demonstrating its impropriety. Tenn. Code Ann. § 40-35-401, Sent'g Comm'n Cmts.; see also State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative. Tenn. Code Ann. § 40-35-103(5) (2014).

A defendant is eligible for alternative sentencing if "the sentence actually imposed upon the defendant is ten (10) years or less . . . ," provided that the defendant has not been convicted of certain enumerated offenses. Tenn. Code Ann. § 40-35-303(a) (2014). In determining whether or not probation is an appropriate alternative to incarceration, the trial court should consider, but is not bound by, the following advisory guidelines:

(5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

(6)(A) A defendant who does not fall within the parameters of subdivision (5), and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary; however, a defendant's prior convictions shall be considered evidence to the contrary and, therefore, a defendant who is being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision shall not be considered a favorable candidate for alternative sentencing;

Tenn. Code Ann. § 40-35-102(5)-(6) (2014).

In determining whether to grant or deny probation, a trial court should consider the circumstances of the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). "[T]he burden of establishing suitability for probation rests with the defendant." Tenn. Code Ann. § 40-35-303(b) (2014); Carter, 254 S.W.3d at 347. "This burden includes demonstrating that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" Carter, 254 S.W.3d at 347 (quoting State v. Housewright, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

A trial judge must consider the following factors before imposing a sentence of incarceration:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant

Tenn. Code Ann. § 40-35-103(1) (2014). Additionally, the sentence imposed should be least severe measure necessary to achieve its purpose, and the defendant's potential for

rehabilitation, or lack thereof, should be considered when determining whether to grant alternative sentencing. Tenn. Code Ann. § 40-35-103(4), (5) (2014). Trial judges are encouraged to use alternative sentencing when appropriate. Tenn. Code Ann. § 40-35-103(6) (2014).

A trial court may base its decision to deny probation solely on the need for deterrence "when the record contains evidence which would enable a reasonable person to conclude that (1) deterrence is needed in the community, jurisdiction, or state; and (2) the defendant's incarceration may rationally serve as a deterrent to others similarly situated and likely to commit similar crimes." State v. Hooper, 29 S.W.3d 1, 13 (Tenn. 2000). However, if the trial court bases the denial of alternative sentencing on more than one factor, no additional findings are necessary, and we apply an abuse of discretion standard of review. State v. Robert Allen Lester, No. M2014-00225-CCA-R3-CD, 2014 WL 5501236, at *5 (Tenn. Crim. App. Oct. 31, 2014) (noting a heightened standard of review in some circumstances) (citing Kyto Sihapanya, 2014 WL 2466054, at *3 (Tenn. 2014)).

In this case, the Appellant pleaded guilty as a standard offender to a Class C felony and a Class D felony and received an effective sentence of four years for his current charges. Therefore, the trial court properly considered him as a favorable candidate for alternative sentencing. However, the trial court denied alternative sentencing because confinement was particularly suited to deter the people of Hamblen County from committing drug offenses. Specifically, the trial court noted that "Hamblen County is the worst county in this district for prescription drugs" and that the trial court had approximately 2,600 prescription drug cases on its docket per year. The trial court also noted that the Appellant had previously been charged with drug offenses. Additionally, the trial court found that alternative sentences had recently been applied unsuccessfully to the Appellant. The Appellant was on probation when he committed the current crimes. Finally, the Appellant violated his probation again before the plea agreement and sentencing hearing.

The Appellant has not established that the trial court abused its discretion in denying alternative sentencing or "otherwise overcome the presumption of reasonableness afforded sentences [that] reflect a proper application of the purposes and principles of our statutory scheme." See Caudle, 388 S.W.3d at 280. The Appellant is not entitled to relief.

## <u>Conclusion</u>

For the aforementioned reasons, the judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE