IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 25, 2016

**STATE OF TENNESSEE v. TIMMY THOMPSON**

**Appeal from the Circuit Court for Blount County**
**No. C-23202 David Reed Duggan, Judge**
_____

**No. E2016-00749-CCA-R3-CD – Filed November 7, 2016**
_____

The defendant, Timmy Thompson, received a six-year sentence to be served on Community Corrections after being convicted of criminal simulation involving a value over $10,000. After holding a hearing, the trial court determined the defendant materially violated the terms of his alternative sentence and ordered him to serve the remainder of his sentence in confinement. On appeal, the defendant argues that the trial court abused its discretion by refusing to impose another alternative sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Timmy Thompson.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Mike L. Flynn, District Attorney General; and Clinton Frazier, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 2, 2015, the defendant was convicted of criminal simulation involving a value over $10,000. His sentence was suspended to Community Corrections for a six-year term. The defendant was released from the Blount County Jail on September 9, 2015. The defendant's Community Corrections officer filed an affidavit of violation of Community Corrections on September 10, 2015, alleging the defendant failed to contact or report to Community Corrections upon his release. The defendant

was arrested on January 1, 2016 for the violation of Community Corrections. The affidavit was amended on January 6, 2016, to add a violation alleging the defendant had tested positive for Benzodiazepine at the time of his arrest.

Based on the record before this Court, it appears that the trial court held an evidentiary hearing on February 16, 2016, to determine whether the defendant had, in fact, violated the terms of his Community Corrections sentence. The transcript from that hearing is not part of the record on appeal. However, per the trial court's order dated February 16, 2016, the trial court found that the "defendant has materially violated the terms of his Community Corrections and shall have his Community Corrections revoked with sentencing withheld until March 21, 2016."

On March 22, 2016, the trial court conducted a sentencing hearing in the defendant's case. Initially, the State announced the trial court had indicated during the February 16, 2016, hearing that it was "likely to sentence [the defendant] to serve with a recommendation to Special Needs. But we bifurcated the sentencing hearing for us to have the opportunity to look into alternative placement." The State then produced a letter from Dr. Robin Turnmire, a treatment specialist with the Blount County Community Corrections Office. In her letter, Dr. Turnmire indicated the defendant needed:

> highly structured, supervision, assistance taking his medication correctly, extensive and repetitive life skill training over a long enough period of time to develop healthy living habits, and mental health treatment for his co-occurring disorders.

Dr. Turnmire explained that neither she nor Helen Ross McNabb, the Criminal Justice Liason, had been successful in locating a treatment center suitable for the defendant. Dr. Turnmire indicated that she strongly recommended, absent any alternative treatment, the defendant be placed into the special needs population of the Tennessee Department of Correction.

After considering the evidence and statements by counsel, the trial court revoked the defendant's Community Corrections sentence and ordered the defendant "to serve this sentence." In its order, the trial court requested that the defendant be placed in the special needs unit of the Tennessee Department of Correction. This timely appeal followed.

## ANALYSIS

The defendant argues that the trial court abused its discretion when it ordered him to serve the balance of his sentence in the Tennessee Department of Correction. The State argues the defendant has waived consideration of the issue by not including a transcript of the revocation hearing in the appellate record, and that the trial court did not

abuse its discretion when it revoked the defendant's suspended sentence and ordered him to serve it in confinement. We agree with the State.

On appeal, a trial court's decision to revoke a community corrections sentence is subject to an abuse of discretion standard of review. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). A trial court may "revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence." *Id.* (*citing* Tenn. Code Ann. § 40-35-311). In order for this Court to find an abuse of discretion, the record must contain no substantial evidence to support the finding of the trial court that a violation has occurred. *Id.* (*citing State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). "Proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." *Id.*

Once the trial court has determined that the defendant has violated the terms of his suspended sentence, the court may: order confinement, order execution of the original sentence, return the defendant to probation on modified conditions, or extend the defendant's period of probation by up to two years. Tenn. Code Ann. § 40-35-310; *see also State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).

The defendant does not challenge the trial court's finding that he violated the terms of his suspended sentence;[1] instead he challenges the trial court's order sentencing the defendant to serve the remainder of his sentence in confinement. After the trial court determined that the defendant had violated the terms of his suspended sentence, however, it had the discretion to order the defendant to serve his sentence in confinement, pursuant to Tennessee Code Annotated § 40-35-310(b).

"The determination of the proper consequence of a probation violation embodies a separate exercise of discretion." *State v. Jessica Scronce*, No. W2016-00066-CCA-R3-CD, 2016 WL 3563667 at *2 (Tenn. Crim. App. June 22, 2016). An accused, already on a suspended sentence, is not entitled to a second grant of probation or another form of alternative sentencing. *Id.*

The record, although sparse, makes clear that the trial court did not abuse its discretion. The trial court gave the State and the defendant an opportunity to seek out alternative placement options. When they were unable to locate any suitable alternatives, the trial court followed Dr. Turnmire's recommendation and sentenced the defendant to confinement in the Tennessee Department of Correction. The court included a request that the defendant be placed in a special needs facility in his sentencing order.

---

[1] For this reason, we opt not to treat the defendant's appellate issues as waived for failure to present a transcript of the revocation hearing.

The trial court did not abuse its discretion when it ordered the defendant to serve his term in confinement after finding he had materially violated the terms of his suspended sentence. The defendant, therefore, is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and authorities, the judgment of the trial court is affirmed.

_____
J. ROSS DYER, JUDGE